FINANCIAL ACCEPTANCE CORPORATION *vs.* JOHN T. GARVEY.

Essex. December 6, 1979. — January 25, 1980.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Practice, Civil,* Preliminary injunction, Costs. *Damages,* Counsel fees. *Judgment.*

A judgment on a party's motion for costs and damages under a bond given in connection with a preliminary injunction was a separate judgment rather than an amendment of the court's earlier judgment on the underlying controversy. [96]

Real estate taxes and mortgage interest accruing on a first mortgage obligation, if incurred by reason of an injunction against foreclosure of a second mortgage, were recoverable under the terms of an injunction bond indemnifying a party for "loss, damage or expense," to the extent the proceeds of any foreclosure sale were insufficient to cover the aggregate of such charges and the mortgagor's indebtedness, the interest on that indebtedness and the costs of foreclosure proceedings under the second mortgage. [96]

Attorney's fees were recoverable under the terms of a bond indemnifying a party against "expenses of defense" resulting from the granting of injunctive relief. [96-97]

CIVIL ACTION commenced in the Probate Court for the county of Essex on June 10, 1975.

A motion for costs and damages was heard by *Pettoruto, J.*

*Nicholas J. Decoulos* for the plaintiff.

*Mark Lichtenstein* for the defendant.

HALE, C.J. The plaintiff and the defendant appeal from a judgment entered in the Probate Court for the county of Essex on a motion by the defendant pursuant to Mass.R. Civ.P. 65.1, 365 Mass. 834 (1974), for costs and damages under a bond given in connection with a preliminary injunction. The underlying controversy in which the preliminary injunction was granted was before us in *Financial Acceptance Corp.* v. *Garvey,* 6 Mass. App. Ct. 610 (1978).

The plaintiff and the defendant each held a mortgage on the same property, and each claimed that its mortgage was the second mortgage. The first mortgagee was a bank which was not party to this or to the prior appeal. On June 30, 1975, the trial judge allowed the plaintiff's motion for a preliminary injunction against a foreclosure sale that the defendant had scheduled, conditioned on the plaintiff's posting a bond in the amount of $50,000 (Mass.R.Civ.P. 65[c], 365 Mass. 833 [1974]) "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained . . . ." The plaintiff, with the Fidelity and Deposit Company of Maryland as surety, filed a bond in the directed amount of $50,000. The bond provided that if the plaintiff "shall reimburse [the defendant] for any loss, expense or damage caused by the imprudent or erroneous issuance . . . of a temporary restraining order . . ., including all reasonable costs and expenses of defense against the restraining order or the granting of any injunctive relief sought in said proceeding and subsequently denied by the Court, then this obligation shall be void, otherwise it shall remain in full force and effect."

The case was referred to a master, whose report was favorable to the defendant. The defendant's motion to dissolve the injunction was allowed on August 6, 1976. The complaint was dismissed, and we affirmed. *Financial Acceptance Corp.* v. *Garvey, supra.*

In his amended motion for costs (Mass.R.Civ.P. 65.1, 365 Mass. 834 [1974]), the defendant asked to be reimbursed for the interest accrued under the first mortgage and for the property taxes on the mortgaged property levied during the time the foreclosure was enjoined, as he would have sold the mortgaged property before such interest and taxes accrued had the foreclosure taken place as originally planned. The defendant also asked for the attorney's fees and disbursements that he had incurred in pursuing the dissolution of the injunction. On March 7, 1978, the trial judge allowed the accumulated interest and property taxes totaling $25,711.39, but not the attorney's fees, and entered judg-

ment in that amount against the plaintiff and its surety. Both the plaintiff and the defendant appeal.

1. The plaintiff argues that the judge's award of costs constituted a late amendment of the judgment in violation of Mass.R.Civ.P. 52, 59, and 60, 365 Mass. 816-817, 827-829 (1974), and is therefore invalid.

The terms of the defendant's motion and of the court's findings and judgment thereon make it clear that the judgment was not an amendment of its earlier judgment on the underlying controversy. Rather, it was a separate judgment, issued in response to a motion under rule 65.1. See Mass.R.Civ.P. 58(a), as amended, 371 Mass. 908 (1977).

2. Real estate taxes and the mortgage interest accruing on the first mortgage obligation during the period that the foreclosure of the second mortgage was enjoined are includable as "loss, expense or damage" under the injunction bond if actually suffered by reason of the injunction. See *Northeast Airlines, Inc.* v. *Nationwide Charters & Conventions, Inc.*, 413 F.2d 335, 338 (1st Cir. 1969). However, the judge made no finding that the defendant had actually suffered any loss to the extent of the amount awarded for taxes and interest although he allowed them in their entirety. The judge should have determined whether the proceeds of any foreclosure sale were insufficient to cover the property taxes and the interest accruing under the first mortgage in addition to the mortgagor's indebtedness, the interest on that indebtedness and the costs of the foreclosure proceedings under the second mortgage. The defendant's damages for the interest and taxes cannot exceed such a deficiency.

3. The trial judge ruled that "as a matter of law, reasonable attorney's fees and disbursements incurred by the defendant as a result of the granting of the preliminary injunction are not included in the 'costs and expenses' recoverable under the bond filed by the plaintiff and 'costs and damages' recoverable under Rule 65(c)." We disagree.

The bond executed by the plaintiff and its surety bound them to indemnify the defendant against "all reasonable

cost *and expenses of defense* against the restraining order or
the granting of any injunction relief . . ." (emphasis sup-
plied). We conclude that legal fees are "expenses of
defense" and that the terms of the plaintiff's undertakings
require that the defendant be indemnified for such expenses
to the extent that they are reasonably and necessarily in-
curred in obtaining the dissolution of the preliminary in-
junction. See *Buddy Sys., Inc.* v. *Exer-Genie, Inc.*, 545
F.2d 1164, 1168 (9th Cir. 1976), cert. denied, 431 U.S. 903
(1977) ("If a bond is posted, liability is limited by the terms
of the bond or the order of the court that required the
posting").

This holding accords with the traditional practice of the
Massachusetts courts to allow reasonable attorney's fees to a
party to litigation in limited circumstances, as where the
award is made pursuant to a valid contractual provision
such as we have here. *Bournewood Hosp., Inc.* v. *Massa-
chusetts Commn. Against Discrimination*, 371 Mass. 303,
311-312 (1976). See also *Hartford Acc. & Indem. Co.* v.
*Casassa*, 301 Mass. 246, 254 (1938) (attorney's fees are
allowable under a bond to cover all "damages, loss, costs,
charges and expenses 'including counsel and attorneys'
fees'").

The judgment is reversed, and the case is remanded to the
Probate Court for the county of Essex for further pro-
ceedings not inconsistent with this opinion.

*So ordered.*