DOUGLAS MUIR, executor,[1] *vs.* BURTON WHITNEY HALL.

No. 93-P-502.

Norfolk. April 4, 1994. - July 15, 1994.

Present: SMITH, GILLERMAN, & GREENBERG, JJ.

*Medical Malpractice*, Appeal, Bond. *Practice, Civil*, Appeal, Costs, Judgment, Relief from judgment. *Judgment*, Amendment, Relief from judgment.

The plaintiff in a medical malpractice action, who did not prevail and who did not appeal from the judgment on the merits, did not preserve his right to challenge a later judgment assessing costs in excess of the bond posted, where the plaintiff filed no notice of appeal within thirty days of the entry of the judgment for costs and where the plaintiff's motion to alter or amend the judgment under Mass.R.Civ.P. 59 (e) which would have tolled the thirty-day appeal period, was itself not timely filed. [40-41]

CIVIL ACTION commenced in the Superior Court Department on May 2, 1989.

The case was tried before *Patrick F. Brady*, J., and post-trial motions for the award of costs, for release of the bond, and to alter or amend the judgment were considered by him.

*James M. Kickham* for the plaintiff.

*Philip J. Foley* (*Janet J. Bobit* with him) for the defendant.

GILLERMAN, J. In this medical malpractice case, a tribunal found that the plaintiff's offer of proof was inadequate, and the plaintiff filed a bond in the amount of $6,000. After a trial on the merits, the jury returned a verdict for the defendant. Judgment for the defendant entered May 7, 1992.

Numerous posttrial proceedings followed regarding the bond and the defendant's costs, many of which were inappro-

---

[1]Voluntary executor of the estate of Elsie B. Muir.

priate. In *Mood* v. *Kilgore,* 384 Mass. 459 (1981), the court
said that in cases arising under G. L. c. 231, § 60B, "judg-
ment on the merits for the defendant will automatically
make the bond available to pay defense costs." *Id.* at 464. As
a practical matter, this causes no hardship as only a small
bond is required under the statute, and "the defendant's as-
sessable costs will almost always exceed the amount of the
required bond." *Id.* at 465.

Here, however, the plaintiff, who did not claim an appeal
from the judgment on the merits, contests the judge's assess-
ment of costs in excess of the bond (including an assessment
of costs in the total amount of $36,494 for attorney's fees,
expert fees, witness fees, and other costs). That order, al-
lowed on August 13, 1992, constituted a separate judgment.
*Financial Acceptance Corp.* v. *Garvey,* 9 Mass. App. Ct. 94,
96 (1980). See also *Waldman* v. *American Honda Motor
Co.,* 413 Mass. 320, 321 (1992) (appeal from a postjudg-
ment order to pay costs). The threshold question is whether
the plaintiff preserved his right to challenge the judgment as-
sessing costs. We conclude that he did not.

The defendant's motion for the award of costs was allowed
on August 13, 1992, without a hearing. Judgment entered on
the order for costs on September 1, 1992. Opposition papers
filed by the plaintiff focused on the assertion that the plain-
tiff's claim of malpractice was reasonable and advanced in
good faith. There was no request for a hearing, and a notice
of appeal was not filed within thirty days of the entry of the
judgment for costs.

On November 6, 1992, the judge allowed a motion for re-
lease of the bond and, on December 4, 1992, the plaintiff
filed a notice of appeal from that order.[2] That appeal does
not present a justiciable issue since, as we stated above, the
bond was automatically released upon the entry of the judg-
ment on the merits.

On the same day, December 4, 1992, the plaintiff filed a
motion to strike the order for costs entered on September 1,

---

[2]The docket indicates that this notice of appeal was withdrawn on De-
cember 10, 1992.

1992, or to modify it by limiting the recovery to the amount of the bond. On December 14, 1992, he filed a notice of appeal from the denial (on December 8) of his motion to strike or modify the September 1 order for costs.

While the appeal from the denial of the motion to strike or modify was timely as to the order denying the motion, that appeal did not necessarily bring up the underlying judgment for costs which was entered on September 1, 1992. To bring up the September 1 judgment, the plaintiff must comply with the provisions of Mass.R.A.P. 4, as amended, 395 Mass. 1110 (1985). Rule 4 provides that appeals from a judgment must be filed within thirty days of the entry of the judgment appealed from unless a *timely* motion is filed in the lower court under any of the rules referred to in the second paragraph of rule 4(a),[3] or unless the lower court, upon a showing of excusable neglect, grants an extension of time, not exceeding thirty days, for filing a notice of appeal either before or after the expiration of the time otherwise prescribed by rule 4. Mass.R.A.P. 4(c), 378 Mass. 929 (1979).[4] As no extension of time for filing a notice of appeal from the September 1 judgment was allowed, the question is whether the plaintiff's motion to strike or modify the judgment falls within the second paragraph of rule 4.

A motion to "strike" a judgment is not contemplated in our rules of procedure, but Mass.R.Civ.P. 59(e), 365 Mass. 828 (1974), provides that a motion to alter or amend a judgment may be made, and Mass.R.Civ.P. 60, 365 Mass. 828-829 (1974), permits a motion for relief from a judgment.

---

[3]Massachusetts R.A.P. 4(a) provides, in pertinent part: "If a timely motion under the Massachusetts Rules of Civil Procedure is filed in the lower court by any party: (1) for judgment under Rule 50(b) [judgment not withstanding any verdict]; (2) under Rule 52(b) to amend or make additional findings of fact . . .; (3) under Rule 59 to alter or amend a judgment; or (4) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion."

[4]See also Mass.R.A.P. 14(b), as amended, 378 Mass. 939 (1978), authorizing the appellate court or a single justice, "for good cause shown," to enlarge the time for filing an appeal, not exceeding one year from the entry of the judgment.

The critical difference between the two rules is that a timely motion under rule 59(e) tolls the running of the thirty-day appeal period, see subsection (3) of the second paragraph of rule 4(a), while a motion under rule 60 does not. See *Friedman* v. *Board of Registration in Med.*, 414 Mass. 663, 665 (1993). There is an obvious overlap between rule 59(e) and rule 60, but when the proper characterization of the motion is in doubt, we treat "all timely-filed motions which call into question the correctness of a judgment as rule 59(e) motions." *Pentucket Manor Chronic Hosp., Inc.* v. *Rate Setting Commn.*, 394 Mass. 233, 237 (1985).

The difficulty in this case is that the plaintiff's motion to alter the judgment of September 1 was not timely, for it was not served within ten days after the entry of the judgment as required by rule 59(e). Indeed, it was served almost four months after the judgment of which it complains, and no enlargement of time was ever granted either under Mass.R.A.P. 4(c) or Mass.R.A.P. 14(b), as amended, 378 Mass. 939 (1979).

It would provide no help to the plaintiff to say that his motion should be treated as one falling within rule 60(b), and therefore timely filed, because, as noted earlier, rule 60(b) motions do not toll the running of the thirty-day appeal period, nor can the rule be used as a substitute for the regular appeal procedure. See *Council for Employment & Economic Energy Use* v. *WHDH Corp.*, 580 F.2d 9, 13 (1st Cir. 1978), cert. denied, 440 U.S. 945 (1979); Smith & Zobel, Rules Practice § 60.3, at 472 (1977) ("An order denying Rule 60(b) relief is appealable; but the appeal raises only the correctness of the order itself, not the purported defects in the underlying judgment").

We conclude that the appeal must be dismissed, even though the error of the September 1 judgment is plain on its face.[5]

*Appeal dismissed.*

[5]General Laws c. 231, § 60B, as amended by St. 1986, c. 351, § 21, does not provide a general exception to the so-called "American rule" that a litigant must bear his own expenses unless otherwise provided by statute, rule or contract provision. See the discussion of the American rule in *Waldman* v. *American Honda Motor Co., supra* at 321-323. The section merely provides that the plaintiff's bond for costs assessed may include an amount for the anticipated cost of "witness and experts fees and attorneys fees. . . ."