HAROLD V. HAMILTON, executor,[1] *vs.* STEVEN DAWSON.

No. 00-P-280.

Middlesex. January 10, 2002. - July 15, 2002.

Present: BROWN, KASS, & KANTROWITZ, JJ.

*Medical Malpractice,* Appeal, Tribunal, Bond.

A prevailing defendant in a medical malpractice action brought pursuant to
   G. L. c. 231, § 60B, was entitled to the proceeds of a medical malpractice
   tribunal bond as a matter of law where, although the defendant did not
   claim payment of the bond until the plaintiff moved for its return almost
   two years after the entry of judgment for the defendant on a jury verdict,
   the delay did not work a waiver of the defendant's right to payment.
   [438-439]

CIVIL ACTION commenced in the Superior Court Department on
June 16, 1993.

The case was tried before *Hiller B. Zobel,* J., and a motion
for return of a medical malpractice tribunal bond was heard by
him.

*John M. Dellea* for the defendant.

*Michael J. Harris* for the plaintiff.

BROWN, J. The defendant appeals from an order of a Superior
Court judge allowing a postjudgment motion for the return of a
medical malpractice tribunal bond to the plaintiff almost two
years after the entry of judgment for the defendant on a jury
verdict. Although the defendant did not claim payment of the
bond until the plaintiff moved for its return, that delay, the
defendant argues, did not work a waiver of his right to payment
and, as a prevailing defendant in a medical malpractice action,
he is entitled to the bond proceeds as matter of law. We agree.

---

[1] Of the estate of Lois Hamilton.

We sketch the underlying circumstances. Lois Hamilton[2] alleged medical malpractice against three physicians, one of whom is the defendant Dawson. More specifically, the plaintiff alleged that Dawson, a radiologist, had been negligent in interpreting a mammogram performed on Hamilton in 1986, resulting in a failure to diagnose and treat her breast cancer in a timely manner.

Pursuant to G. L. c. 231, § 60B, first par., as amended through St. 1988, c. 199, § 41, the Hamilton action came before a medical malpractice tribunal to "determine if the evidence presented . . . [was] sufficient to raise a legitimate question of liability appropriate for judicial inquiry." After reviewing the plaintiff's offer of proof, the medical tribunal found the proof sufficient as to two of the defendants, but not as to Dawson. In order to maintain his action against Dawson in the Superior Court, the plaintiff filed with the court a statutory bond of $6,000.

Following a jury trial, verdicts were rendered for all defendants, including Dawson.[3] At that juncture, counsel for Dawson neglected to move for the proceeds of the bond. The bond proceeds remained unclaimed until the Commonwealth, twenty-two months after judgment, sent a letter to the plaintiff informing him that, under G. L. c. 200A, § 6, the bond funds would escheat to the Commonwealth unless the parties within thirty days moved to have the funds dispersed. The plaintiff at once filed a motion for return of the bond that the defendant, thus reminded of the bond, opposed.

The motion for release of the bond came before the trial judge for hearing. The judge allowed the plaintiff's motion, evidently concluding that the defendant's inaction acted as a waiver to his right to the bond. The judge ordered that the funds be released to the plaintiff.

General Laws c. 231, § 60B, as amended through St. 1988, c. 199, § 41, states that the bond is "payable to the defendant or defendants in the case for costs assessed . . . if the plaintiff does not prevail in the final judgment." Final judgment means

---

[2]Upon her death, her brother, in his capacity as administrator of her estate, was substituted as plaintiff.

[3]No appeal was taken from the ensuing judgments.

that judgment has been entered for the defendant and the plaintiff has failed or chosen not to appeal, or that the plaintiff exhausted his right of appeal and was unsuccessful.

The parties here debate the significance of the language, traceable to *Mood* v. *Kilgore*, 384 Mass. 459, 464 (1981), that a judgment on the merits for the defendant in a medical malpractice case "will automatically make the bond available to pay defense costs." See *Muir* v. *Hall*, 37 Mass. App. Ct. 38, 39 (1994). Apart from the difficulty that, as illustrated by *LaFond* v. *Casey*, 43 Mass. App. Ct. 233, 235-237 (1997), "automatic" may be "semi-automatic," the *Mood* v. *Kilgore* decision does not say that bond proceeds automatically flow to the defendant when there is a judgment for the defendant, on the merits; it says the proceeds become *available* without more maneuver by the successful defendant to establish entitlement to those proceeds.[4]

The inherent weakness of the plaintiff's argument that the defendant's slumber worked a waiver is that the plaintiff slept just as soundly. What awakened the parties was the notice from the Commonwealth. Once that happened, each side acted with alacrity in making a claim to the bond. In the absence of any statutory provision that establishes a period of limitation for a claim against a bond posted under § 60B, we can think of no persuasive reason why the plaintiff ought to enjoy a windfall because the defendant took his time to claim funds that are lawfully his.

Accordingly, we reverse the order allowing the plaintiff's motion for return of the tribunal bond and all accrued interest, and remand to the trial court for distribution of these funds to the defendant.

*So ordered.*

---

[4]The legal costs that the defendant has incurred generally will exceed the amount of the bond. See *Mood* v. *Kilgore*, 384 Mass. at 465.