NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-900                                      Appeals Court


        LAURISA C. NEUWIRTH & another[1] vs.  DONALD NEUWIRTH.


                       No. 14-P-900.

        Middlesex.    April 9, 2015. - July 22, 2015.

             Present:  Grainger, Rubin, & Blake, JJ.



Attorney at Law, Lien.  Lien.  Judgment.  Jurisdiction, Superior
     Court.  Superior Court, Jurisdiction.




     Complaint for divorce filed in the Middlesex Division of
the Probate and Family Court Department on May 5, 2009.

     A motion to enforce an attorney's lien was heard by Dorothy
M. Gibson, J., and the entry of a supplemental judgment of
divorce nisi was directed by her.


     Peter H. Rosenthal for the defendant.
     Brad W. Greenberg for Smyth Law Offices, P.C.


     GRAINGER, J.   The defendant husband appeals from an order

incorporated in a supplemental judgement of divorce nisi

enforcing an attorney's lien on real property received by the

husband in the divorce judgment.

_____

     [1] Smyth Law Offices, P.C., the plaintiff in interest in this
appeal.

General Laws c. 221, § 50, states, in relevant part: "From the authorized commencement of an action, counterclaim or other proceeding in any court . . . the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom. Upon the request of the client or of the attorney, the court in which the proceeding is pending or, if the proceeding is not pending in a court, the superior court may determine and enforce the lien" (emphasis added).

While the action was pending, the plaintiff, Smyth Law Offices, P.C., filed motions to enable collection of attorney's fees, including a "first amended motion for att[orne]ys lien" entered on the docket September 29, 2011. The judgment of divorce is dated November 11, 2011, and was entered on the docket November 29, 2011. Thereafter, on February 1, 2012, the plaintiff's attorney filed a motion to enforce the attorney's lien. On February 9 the docket reflects the entry of a "[s]upplemental [j]udgment of [d]ivorce [n]isi dated 2/1/2012 as of 11/10/2011."

We are thus called upon to determine whether the "motion to enforce attorney's lien" could properly be considered by the

Probate Court under this sequence of events.  We conclude that it cannot.

While we are not unsympathetic to the effort made to dispose of an issue that was initially raised during the pendency of the proceeding, the statutory language is clear. Enforcement of the lien is to be sought in the Superior Court after entry of judgment.[2]  An attempt to revive the pendency of proceedings nunc pro tunc for the sole purpose of determining or enforcing an attorney's lien is an attempt to avoid application of the statute, and must be rejected.[3]

The motion filed on September 29, 2011, was timely; any ruling or other action taken by the court in connection with that motion is the law of the case.  Any determination, and any enforcement of the attorney's lien, on or after November 29, 2011, including that reflected in the supplemental judgment, is vacated.

So ordered.

---

[2] We are also unpersuaded that the proceeding is still "pending" during the nisi period after the judgment is entered in the docket and the period allowed for notice of appeal to be filed has begun to run.

[3] We note that a contrary result would not only require the ability to reopen proceedings for the sole purpose of pursuing an attorney's lien, but would require a ruling that the proceedings were "pending" before they were reopened.