Webster Bank, N.A. (bank) foreclosed on Christine Hilton's property, she refused to vacate, and on April 12, 2017, a judgment of possession entered for the bank. She appeals, raising a host of alleged errors with respect to the April 12 judgment, as well as alleged errors as to several postjudgment motions. We conclude that Hilton did not timely notice an appeal from the April 12 judgment or the denial of her Mass. R. Civ. P. 59[2] motion, but did timely appeal from the denial of her Mass. R. Civ. P. 60(b)[3] motion. After consideration of the issues properly before us, we affirm.
Discussion. 1. The timeliness of the notices of appeal. As indicated, judgment entered on April 12, 2017. Hilton timely served a rule 59(e) motion on April 21, 2017, which the judge denied on May 12, 2017. Hilton did not then notice an appeal. Instead, on May 22 Hilton filed a rule 60(b) motion to vacate the judgment. The judge denied Hilton's rule 60(b) motion on June 2. Hilton then, on June 9, filed a notice of appeal, which purported to appeal from the April 12, 2017, judgment, the May 12, 2017, order denying the rule 59(e) motion, and the June 2, 2017, order denying the rule 60(b) motion. On June 27, the judge determined that the notice of appeal was untimely.[4]
Hilton's June 9 notice of appeal was untimely as to both the April 12 judgment and the May 12 order denying her rule 59(e) motion, but it was not untimely as to the June 2 order denying the rule 60(b) motion. By statute, Hilton needed to file a notice of appeal within ten days of the April 12 judgment, unless the appeal period was tolled by the timely filing of a motion for postjudgment relief, as set forth in Mass. R. A. P. 4, as amended, 430 Mass. 1603 (1999). See G. L. c. 239, § 5 (a ) ; Jones v. Manns, 33 Mass. App. Ct. 485, 488-489 (1992) ("The statute is not unclear: the ten-day period for appeal ... is fixed by statute and is jurisdictional"). Here Hilton's timely filed rule 59(e) motion tolled the running of the time for filing the notice of appeal until the rule 59(e) motion was denied on May 12, 2017. Hilton did not file her notice of appeal within ten days of the May 12 denial, however. Moreover, the rule 60(b) motion filed on May 22, 2017, did not further toll the running of the appeal period as to the judgment, because the rule 60(b) motion was not filed within ten days of the entry of judgment, as required by Mass. R. A. P. 4 (a) (4).[5] Accordingly, the judge was correct in dismissing Hilton's purported appeals from the judgment and rule 59(e) order.
Hilton's appeal from the denial of her rule 60(b) motion stands on different footing. Hilton's June 9 notice of appeal also specified that it was from the June 2 order denying her rule 60(b) motion. As to that order Hilton's notice of appeal was timely, being filed within ten days of that order's entry. Accordingly, Hilton's appeal from the order denying her rule 60(b) motion should not have been deemed untimely. See Muir v. Hall, 37 Mass. App. Ct. 38, 40 (1994).
2. Rule 60(b) motion. In her rule 60(b) motion Hilton argued, in effect, that purportedly newly discovered evidence -- public record documents filed in an earlier Land Court proceeding between the parties -- showed that the right to cure letter sent to Hilton before the bank foreclosed was inadequate and that, therefore, the bank's foreclosure was void. The judge denied Hilton's motion, essentially on the grounds that (i) Hilton's newly submitted documents were available to Hilton before judgment entered and, therefore, the documents did not constitute "newly discovered evidence"; (ii) Hilton did not adequately explain why she could not have produced this evidence, or raised her argument, before judgment entered; and (iii) even considering Hilton's additional documents "there remains no dispute that Plaintiff served the Notice prior to the commencement of the foreclosure and therefore met its burden pursuant to ¶ 22 of the Mortgage."
Because Hilton did not timely appeal the underlying judgment, Muir, 37 Mass. App. Ct. at 40,[6] the only question properly before us is whether the judge abused her discretion by denying Hilton's rule 60(b) motion. See Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 433-435 (1979). For substantially the reasons identified by the judge, Hilton has not shown any abuse of discretion. The fundamental basis of Hilton's argument is that the notices she received in connection with the foreclosure were legally inadequate. Hilton did not persuasively show why the documents she was relying on for her rule 60(b) motion could not have been provided during the summary judgment process. Hilton's argument of "newly discovered evidence" is unavailing.
3. Stay of execution. Finally, we observe that on August 4, 2017, Hilton filed a pleading that a single justice of this court construed as a notice of appeal from an August 2, 2017, order staying execution on the condition that Hilton pay specified use and occupancy fees. The single justice then consolidated that appeal with the present matter "without the need for further assembly of the record." A judge has broad discretion to issue a stay of execution in summary process proceedings on such terms "as the court may deem just and reasonable." G. L. c. 239, § 9. In part because Hilton did not perfect an appeal from the summary process judgment and she could have had no reasonable expectation that the order on her rule 60(b) motion would be reversed, the judge did not abuse her discretion by granting a conditional stay of execution. See id.; Spence v. Reeder, 382 Mass. 398, 422 (1981).
So much of the June 27, 2017, order as deemed untimely Hilton's notice of appeal from the order denying her rule 60(b) motion is vacated. In all other respects, the June 27, 2017, order is affirmed. The June 2, 2017, order denying Hilton's rule 60(b) motion is affirmed. The August 2, 2017, order granting a conditional stay of execution is affirmed.
So ordered.
Vacated in part; affirmed in part.

365 Mass. 827 (1974).

365 Mass. 828 (1974).

Hilton also sought relief from a single justice of this court from so much of the June 27 order as denied her motion to waive the appeal bond. See G. L. c. 239, § 5 (f ). The single justice denied Hilton's petition on August 7. Hilton did not notice an appeal from the single justice's decision and the question is not before us.

See also Reporter's Notes to Rule 4, Massachusetts Rules of Court, Rules of Appellate Procedure, at 231 (Thomson Reuters 2018) ("This amendment is not intended to provide a litigant with multiple opportunities to extend the time period to claim an appeal. Assume that the defendant serves a motion for relief from judgment within ten days of entry of judgment, thereby staying the time period to claim an appeal from judgment. Two months later, the judge enters an order denying the motion for relief. Entry of that order starts the clock running to file a notice of appeal. If the defendant moves for reconsideration of the order denying relief from judgment, the motion for reconsideration should have no effect on the time period to claim appeal from the original judgment").

See also Piedra v. Mercy Hosp., Inc., 39 Mass. App. Ct. 184, 188 (1995) (motion to vacate judgment "cannot be used as a substitute for the regular appeal procedure"); Charles Choate Memorial Hosp. v. Commissioner of Pub. Welfare, 13 Mass. App. Ct. 1080, 1081 (1982) ("In all but exceptional circumstances, the failure to prosecute an appeal from the original judgment will bar relief" [quotation omitted] ).