NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1265

MARY CRESTA & another[1]

vs.

MICHAEL CRESTA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal stems from divorce proceedings in the Probate and Family Court between the wife, Mary Cresta, and the husband, Michael Cresta, during a portion of which the husband was represented by attorney Martha R. Bagley (attorney).  After representing the husband for over a year and a half, the attorney moved to establish and enforce an attorney's lien during the divorce proceedings, and the judge allowed the motion as to the establishment of the lien.  After the judgment of divorce nisi entered, the attorney moved to intervene and enforce her lien in postjudgment contempt proceedings initiated by the wife.  The judge allowed the motion, found that the lien

---

[1] Martha R. Bagley, intervener.

was established in the amount of $130,000 and the husband had failed to satisfy it, and appointed a special master to sell the husband's assets to satisfy the lien.  On appeal, the husband contends that (1) the judge erred in allowing the attorney's motion to establish her lien without a jury trial or evidentiary hearing,  (2) the judge's order on the motion did not result in a valid lien, (3) the judge erred in allowing the attorney to intervene in the contempt proceedings after the judgment of divorce nisi entered, and (4) the judge erred in enforcing the lien in the contempt proceedings.  Because the husband did not file the notice of appeal at issue here within thirty days of the divorce judgment, we dismiss his challenge as to the order establishing the lien for want of jurisdiction.  By filing the notice of appeal before us, the husband did timely appeal from the contempt judgment.  Because after the divorce judgment the attorney was required to seek enforcement of the lien in the Superior Court, we reverse the portions of the contempt judgment as pertain to the enforcement of the attorney's lien and the sale of the husband's assets.

Background.  The wife filed a complaint for divorce against the husband on August 31, 2020.  The attorney represented the husband for most of the divorce proceedings, filing her notice of appearance on April 5, 2021, and withdrawing from representation on May 8, 2023.

2

During the course of her representation, on November 25, 2022, the attorney moved to establish and enforce an attorney's lien pursuant to G. L. c. 221, § 50.  The motion was supported by her retainer agreement with the husband and an affidavit attesting to her fees, hours billed, and other costs incurred during her representation.  The husband filed an opposition demanding a jury trial.  Following a hearing on May 3, 2023, the judge allowed the motion in part, stating in a margin order, "Allowed as to the establishment of the lien only.  Enforcement is a separate proceeding."  That order was dated May 31, 2023, and entered on June 20, 2023.

The judgment of divorce nisi entered on December 14, 2023.  On March 13, 2024, the wife filed a complaint for contempt alleging that the husband failed to pay her $80,000 for her attorney's fees and costs.  On April 10, 2024, the attorney moved to intervene in the contempt proceeding.  In an order dated May 15, 2024, and entered on September 18, 2024, the judge allowed the motion to intervene.  A hearing on the underlying complaint for contempt was held on May 15, 2024.  In a judgment on the complaint for contempt dated August 27, 2024, and docketed on September 18, 2024, the judge found the husband guilty of contempt for failure to pay $80,000 in attorney's fees to the wife, and also concluded that the attorney's lien had been established in the amount of $130,000 and that the husband

3

had failed to satisfy the lien.  The judge appointed a special master to sell the husband's assets to satisfy the contempt judgment, including the lien.  The husband filed his notice of appeal on September 19, 2024.

Discussion.  1.  Order establishing the attorney's lien. The husband contends that the judge erred in allowing the attorney's motion to establish the lien because he was not granted a jury trial as demanded and the judge did not hold an evidentiary hearing.  Because a timely notice of appeal of the attorney's lien was not filed, we may not consider such a challenge as it is "a jurisdictional prerequisite to our authority to consider any matter on appeal."  Wells Fargo Bank, N.A. v. Sutton, 103 Mass. App. Ct. 148, 152 (2023), quoting DeLucia v. Kfoury, 93 Mass. App. Ct. 166, 170 (2018). Specifically, the notice of this appeal was not filed within thirty days of either the order establishing the attorney's lien or the divorce judgment, but rather within thirty days of the subsequent judgment on the wife's complaint for contempt.[2]

With certain exceptions not applicable to this case, Mass. R. A. P. 4 (a) (1), as appearing in 481 Mass. 1606 (2019),

_____

[2] On March 1, 2024, the husband filed a separate notice of appeal from the judgment of divorce nisi.  That notice of appeal is not included in the record and is not before us now.  We express no opinion on the status or substance of that separate appeal.

4

requires a party to file an appeal within thirty days of entry of the order or judgment appealed from.  See Muir v. Hall, 37 Mass. App. Ct. 38, 40-41 (1994) (where postjudgment motion does not "fall[] within the second paragraph of rule 4 (a)" and "do[es] not toll the running of the thirty-day appeal period," appeal from order on postjudgment motion brings nothing to this court but that order).  The attorney contends that the judge's order establishing the lien was subject to an immediate appeal under Mass. R. A. P. 4 (a) (1) because it was collateral to the divorce case, conclusively established the amount of the lien, and left nothing to be addressed other than enforcement.  As a general rule, however, there is no right to appeal from an interlocutory order unless a statute or rule authorizes it, see Ashford v. Massachusetts Bay Transp. Auth., 421 Mass. 563, 565 (1995), and the attorney's lien statute does not specify when an order establishing a lien may be appealed.  See G. L. c. 221, § 50.  Furthermore, even when an immediate appeal from an interlocutory order is available, "a party need not claim an appeal from an interlocutory order to preserve the party's right to have such order reviewed upon appeal from the final judgment."  Mass. R. A. P. 3 (a) (2), as appearing in 481 Mass. 1603 (2019).  The husband, however, did not file the notice of

appeal in the instant matter within thirty days of either the order establishing the lien or the divorce judgment.[3]

For similar reasons, we reject the husband's contention that the recording at the Middlesex South registry of deeds with the judge's endorsement "[a]llowed as to the establishment of the lien only" does not constitute a valid lien on the real estate of the husband because it does not identify any property to which the lien attaches.  The registry of deeds is not a party to this litigation, and to the extent that the husband's challenge might present any issue suitable for our review, it implicates the validity of the judge's order establishing the lien from which, as discussed, the husband did not timely appeal in this case.

2.  <u>Enforcement of the lien in the contempt proceeding</u>. The husband also argues that the judge erred in allowing the attorney to intervene in the contempt proceeding after the divorce judgment entered and in enforcing the lien in that

---

[3] We also note that the husband has not provided a copy of the transcript of the May 3, 2023 hearing on the attorney's motion to establish the lien.  Under Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019), an appellant has an obligation to include transcripts that are "essential for review of the issues raised on appeal."  <u>Cameron</u> v. <u>Carelli</u>, 39 Mass. App. Ct. 81, 84 (1995), quoting <u>Shawmut Community Bank, N.A</u>. v. <u>Zagami</u>, 30 Mass. App. Ct. 371, 372-73 (1991).

proceeding.[4]  We need not address the issue of intervention because we agree with the husband that the Family and Probate Court did not have authority to enforce the lien after the divorce judgment entered.

The attorney's lien statute provides that an "attorney who appears for a client . . . shall have a lien for [her] reasonable fees and expenses upon [her] client's cause of action, counterclaim or claim, upon the judgment, decree or other order in [her] client's favor entered or made in such proceeding, and upon the proceeds derived therefrom."  G. L. c. 221, § 50.  "Upon request of . . . the attorney, the court in which the proceeding is pending or, if the proceeding is not pending in a court, the superior court, may determine and enforce the lien . . . ."  Id.  The statute serves to protect attorneys "against the knavery of their clients, by disabling the clients from receiving the fruits of recoveries without paying for the valuable services by which the recoveries were obtained."  Ropes & Gray LLP v. Jalbert, 454 Mass. 407, 413 (2009), quoting Boswell v. Zephyr Lines, Inc., 414 Mass. 241,

---

[4] Even if the intervention order had not been docketed on September 18, 2024, it would still be appealable under the husband's September 19, 2024 notice of appeal because the judgment on the complaint for contempt was entered on September 18, 2024, and an order granting leave to intervene is interlocutory and cannot be appealed as of right.  See Mayflower Dev. Corp. v. Dennis, 11 Mass. App. Ct. 630, 634 n.8 (1981).

7

248 (1993). The statute shall "be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language" (quotation and citation omitted). Ropes and Gray LLP, supra at 412. We must give effect to every word of the statute. Id. at 414.

Here, the attorney moved to establish and enforce her lien in the Family and Probate Court while the divorce proceeding was pending. The judge allowed the motion as to the establishment of the lien, approximately six months prior to entry of the divorce judgment. The lien was therefore established in "the court in which the proceeding is pending." G. L. c. 221, § 50. See Neuwirth v. Neuwirth, 87 Mass. App. Ct. 640, 640 (2015). The lien, however, was not enforced until the subsequent proceeding on the wife's complaint for contempt. Indeed, at the time the judge established the lien, the judge declined to enforce it and instead ruled that enforcement of the lien would take place in "a separate proceeding."

In Neuwirth, 87 Mass. App. Ct. 640-641, this court considered the Probate and Family Court's authority to enforce an attorney's lien pursuant to G. L. c. 221, § 50, following the entry of judgment in an underlying divorce action. We held that "[e]nforcement of the lien is to be sought in the Superior Court after entry of judgment." Id. at 641. We were "unpersuaded

8

that the proceeding [was] still 'pending' during the nisi period after the judgment [was] entered in the docket and the period allowed for notice of appeal to be filed [had] begun to run." Id. at 641 n.2.

The holding in Neuwirth controls this case. See Neuwirth, 87 Mass. App. Ct. at 641. After the divorce judgment entered, the divorce proceeding was no longer "pending" for purposes of G. L. c. 221, § 50. The wife's complaint for contempt initiated a new proceeding that eventually resulted in a separate judgment. "Despite the fact that a civil contempt action is typically docketed with the number of the underlying action (i.e., the action that produced the order whose violation is alleged), it is understood to be an action distinct from the underlying action, culminating in a separate judgment." Jones v. Manns, 33 Mass. App. Ct. 485, 489 (1992), citing Crystal, petitioner, 330 Mass. 583, 588 (1953).

The attorney contends that it was appropriate for the judge to enforce the lien in the contempt proceeding because doing so prevented the husband from relying on the lien as a ground not to pay the $80,000 ordered under the contempt judgment. Yet whatever advantage to the parties or efficiency might have been achieved by this approach, it contravened the plain language of the statute and our holding in Neuwirth. See Neuwirth, 87 Mass. App. Ct. at 641. Because the divorce proceeding was no longer

9

"pending" after the divorce judgment, the attorney was required to seek enforcement of the lien in the Superior Court.  G. L. c. 221, § 50.

Conclusion.  The appeal of the order entered on June 20, 2023, establishing the attorney's lien, is dismissed for want of jurisdiction.  The portions of the judgment of contempt entered on September 18, 2024, enforcing the attorney's lien and directing the special master to sell the husband's assets to pay the fees, are reversed.  In all other respects, the judgment of contempt is affirmed.[5]

So ordered.

By the Court (Rubin,
  D'Angelo, & Toone, JJ.[6]),

Clerk

Entered:  November 10, 2025.

---

[5] The attorney's request for attorney's fees is denied.

[6] The panelists are listed in order of seniority.