ELBA PIEDRA vs. MERCY HOSPITAL, INC.

No. 94-P-1166.

Hampden. May 15, 1995. - August 25, 1995.

Present: DREBEN, GILLERMAN, & IRELAND, JJ.

*Practice, Civil*, Appeal, Summary judgment, Relief from judgment, Reconsideration. *Judgment*, Relief from judgment.

A Superior Court judge did not abuse his discretion in denying the plaintiff's motion for reconsideration of the judgment entered for the defendant and, where the plaintiff did not comply with the provisions of Mass.R.A.P. 4 with respect to an appeal from the judgment itself, only the propriety of the judge's action on the motion was reviewable on appeal. [186-188]

CIVIL ACTION commenced in the Superior Court Department on November 26, 1991.

Motions for summary judgment and for reconsideration were heard by *Judd J. Carhart*, J.

*Richard M. Howland* for the plaintiff.

*Maurice M. Cahillane* for the defendant.

GILLERMAN, J. The plaintiff appeals from the denial of her motion for reconsideration of the judgment entered for the defendant pursuant to Mass.R.Civ.P. 56, 365 Mass. 824 (1974). We affirm.

The plaintiff was employed by the defendant as a bilingual service coordinator and health educator from February, 1977, to March 7, 1983. On May 6, 1982, the plaintiff was indicted in Suffolk County for conspiracy and accessory before the fact of defrauding the Department of Public Welfare of approximately $500,000. See *Commonwealth* v. *Piedra*, 20 Mass. App. Ct. 155 (1985). By letter dated May 13, 1982 (May 13 letter), the plaintiff was placed on an indefinite leave of absence "pending the outcome of the legal proceeding with which [she was] involved." In the same

letter, the defendant stated that "if you are exonerated, we stand ready to reinstate you to active status."

In August, 1982, the plaintiff sued the defendant (the 1982 suit) to enjoin her suspension. In her complaint, the plaintiff claimed she had been "wrongfully discharged" by virtue of her suspension.

The plaintiff was subsequently found guilty of so much of the indictment which charged accessory before the fact to larceny. *Ibid.* As a result of the conviction, by letter dated February 28, 1983, the plaintiff was "discharged as of February 27, 1983 from [her] position at the hospital and [was] no longer on leave of absence." On June 3, 1985, however, this court reversed the criminal conviction and remanded the case for further proceedings. *Id.* at 161.

In December, 1985, the plaintiff and defendant reached a settlement of the 1982 suit. As a part of the settlement, the parties signed mutual releases. They also filed a stipulation of dismissal with prejudice in the Superior Court. Throughout the settlement process, the plaintiff was represented by counsel.

A second trial of the criminal charges against the plaintiff was never held, and on January 10, 1990, all charges were dropped. In May, 1990, the plaintiff sought reinstatement as bilingual services coordinator in accordance with the May 13 letter. The defendant responded in a June, 1990, letter by stating that they would not rehire her and that there was no position available. In November, 1990, the defendant placed an advertisement in the local newspaper for a social worker. The plaintiff claims this position was "similar" to the one she previously held; she does not claim that she ever applied for that position.

The plaintiff filed a second complaint against the defendant in November, 1991 (the 1991 suit), alleging wrongful termination, infliction of emotional distress, and loss of consortium. The defendant successfully moved to dismiss her emotional distress and consortium claims.[1] On August 18,

---

[1]The consortium claim was revived just prior to entry of summary judgment when the plaintiff was permitted to amend her complaint and add

1993, the defendant filed a motion for summary judgment setting up res judicata and collateral estoppel as bars to the plaintiff's action. A hearing was held the same day.[2] The defendant's motion was allowed on August 19, 1993, but it was not entered until November 3, 1993. The plaintiff claims that counsel was not notified of the entry of judgment.

On March 31, 1994, nearly five months after judgment had entered, the plaintiff filed a motion for reconsideration, claiming (1) plaintiff's counsel was not given adequate notice of the summary judgment hearing and (2) plaintiff's counsel was suffering from a "severe degenerative back problem which required constant medication." The motion was denied, without opinion, on April 4, 1994. The plaintiff filed an appeal from the denial of her motion for reconsideration on April 19, 1994. No appeal was filed from the judgment entered November 3, 1993.

While the appeal from the denial of the plaintiff's motion for reconsideration was timely as to the order denying the motion, the "appeal does not necessarily bring up the underlying judgment [for defendant] which was entered on [November 3, 1993]." *Muir* v. *Hall*, 37 Mass. App. Ct. 38, 40 (1994). To "bring up" the November 3 judgment, the plaintiff must comply with Mass.R.A.P. 4, as amended, 395 Mass. 1110 (1985). *Muir* v. *Hall*, *supra* at 40.

Rule 4 provides that a party must file an appeal from a judgment within thirty days of entry of the judgment ap-

---

her husband as a plaintiff. He has not pursued an appeal from the judgment.

[2]Rule 56(c) provides that "[t]he motion shall be served at least 10 days before the time fixed for the hearing." Here, the motion was filed on the same day the hearing was held. Plaintiff's counsel now claims that he did not have adequate notice of the hearing, but he made no such claim at the time of the hearing. The plaintiff has pointed to no cases in support of her position. *Makino, U.S.A., Inc.* v. *Metlife Capital Credit Corp.*, 25 Mass. App. Ct. 302, 317-318 (1988), cited by the plaintiff, merely states that "[t]rial judges have discretion to forgive a failure to give the prescribed ten-day notice if it is apparent that the failure does not affect the opposing party's opportunity to develop and prepare a response" (citation omitted). Since no claim of prejudice was made to the trial judge at the time of the hearing, the judge did not abuse his discretion to forgive the notice violation.

pealed from, "unless a *timely* motion is filed in the lower court under any of the rules referred to in the second paragraph of rule 4(a), or unless the lower court, upon a showing of excusable neglect, grants an extension of time, not exceeding thirty days, for filing a notice of appeal either before or after the expiration of the time otherwise prescribed by rule 4. Mass.R.A.P. 4(c), [as amended,] 378 Mass. 929 (1979)" (emphasis in original). *Muir* v. *Hall, supra* at 40.

Plaintiff's motion to reconsider, while ordinarily treated as a motion under Mass.R.Civ.P. 59(e), 365 Mass. 828 (1974), does not fall within the second paragraph of rule 4(a),[3] because it was not served within ten days of the judgment as required by rule 59(e), and thus was not "timely." See *Arthur D. Little, Inc.* v. *East Cambridge Sav. Bank*, 35 Mass. App. Ct. 734, 742-743 & n.7 (1994). Indeed, it was served almost five months (November 3 to March 31) after the entry of judgment of which it complains, and no enlargement of time was ever requested or granted under either Mass.R.A.P. 4(c) or Mass.R.A.P. 14(b), as amended, 378 Mass. 939 (1979). See *Muir* v. *Hall*, 37 Mass. App. Ct. at 41.

It would provide no help to the plaintiff to treat her motion as one falling within Mass.R.Civ.P. 60(b), 365 Mass. 828

---

[3]The second paragraph of Mass.R.Civ.P. 4(a), as amended, 393 Mass. 1239 (1985), provides, in pertinent part:

> "If a timely motion under the Massachusetts Rules of Civil Procedure is filed in the lower court by any party: . . . (3) under Rule 59 to alter or amend a judgment . . . the time for appeal for all parties shall run from the entry of the order . . . granting or denying . . . such motion."

Motions for reconsideration ordinarily fall within rule 59(e). See Reporters' Notes to Mass.R.Civ.P. 59(e), Mass. Ann. Laws, Rules of Civil Procedure at 560 (Law. Co-op. 1982) ("Rule 59[e] encompasses many motions seeking relief of a type which technically might not be considered a motion for a new trial: for example, a motion for rehearing, reconsideration or vacation"). See *Muir* v. *Hall, supra* at 41, where we treated a motion to "strike" a judgment as a rule 59(e) motion because of the practice of characterizing "all timely-filed motions which call into question the correctness of a judgment as rule 59(e) motions." See also *Locke* v. *Slater*, 387 Mass. 682, 686 (1982); *Pentucket Manor Chronic Hosp., Inc.* v. *Rate Setting Commn.*, 394 Mass. 233, 235-236 (1985).

(1974),[4] and therefore timely filed,[5] because rule 60(b) motions do not toll the running of the thirty-day appeal period. The rule cannot be used as a substitute for the regular appeal procedure. *Muir* v. *Hall, supra* at 41. See Smith & Zobel, Rules Practice § 60.3, at 472 (1977) ("[a]n order denying Rule 60[b] relief is appealable; but the appeal raises only the correctness of the order itself, not the purported defects in the underlying judgment").

As to the only issue open on this appeal — whether the judge abused his discretion in denying the plaintiff's motion for reconsideration — we conclude that there was no abuse of discretion. Given the fact that counsel's description of his medical problems does explain the absence of any attempt to preserve the plaintiff's rights for almost five months, the judge could reasonably conclude that the plaintiff could have filed a *timely* motion for reconsideration, despite the lack of notice from the court of the entry of judgment, rather than one that was almost five months late. The judgment must be affirmed. See *Brown* v. *Quinn*, 406 Mass. 641, 644 (1990) ("Our cases and Federal cases make it clear that it is the responsibility of the bar, not the court staff, to attend to the progress of pending matters").

*So ordered.*

---

[4]Rule 59(e) motions filed more than ten days after entry of judgment are "considered to fall within [Mass.R.Civ.P.] 60(b)." Reporters' Notes to Mass.R.Civ.P. 59. See note 3, *supra.*

[5]Certain rule 60(b) motions may be filed up to one year after entry of judgment.