Hand, J.
This case arises from student loans made in 1990 and 1991 by plaintiff The Education Resources Institute, Inc. (‘TERI”) to Barry Crawford. Defendant Carol A. Flynn ("Flynn”), then married to Barry Crawford, was a co-borrower on the loans. The loans were not paid in full.
In December, 2006, TERI sued Flynn for the unpaid loan balances, totaling $16,000.00. Flynn filed a timely answer to TERI’s complaint, and on May 11, 2007, served on TERI’s counsel a first set of interrogatories and a request for production of documents. TERI’s counsel forwarded Flynn’s discovery requests to his client, and, on June 7, 2007, TERI mailed its answers back to its attorney. Although TERI’s counsel promptly served Flynn with a response to Flynn’s request for production, TERI did not serve Flynn with answers to the interrogatories.[2] On July 17, 2007, Flynn sent a final request for answers to interrogatories pursuant to Mass. R. Civ. R, Rule 33(a)(3). Receiving no response to this final request, on September 4, 2007, Flynn filed an application under the same rule for entry of final judgment of dismissal; the court entered judgment of dismissal on the same day.
Ten days later, on September 14,2007, TERI filed a motion under Mass. R. Civ. R, Rule 60(b) to vacate the court’s entry of dismissal on the grounds of excusable neglect. Flynn opposed the motion, and the court held a hearing on September 20,2007. By order of September 24, 2007, the court denied TERI’s motion to vacate the dismissal. TERI appeals from the denial of that motion.
TERI filed an appeal to this Division on October 3, 2007, and the following day, requested a copy of the tape recording of the September 20, 2007 hearing. For the next twenty weeks, TERI took no further action on its appeal. On February 26,2008, Flynn filed a motion to dismiss TERI’s appeal for lack of prosecution. After hearing on March 6,2008, the court denied Flynn’s motion. Flynn likewise appeals from the *50 denial of that motion.
We address Flynn’s appeal first. Under rules 3 and 4 of the District/Municipal Courts Rules for Appellate Division Appeal, TERI had ten days from the entry of judgment of dismissal within which to file its appeal. Dist./Mun. Cts. R. A. D. A., Rule 3(a) (notice of appeal from trial court to be filed, with required filing fee, within time allowed under rule 4); Dist./Mun. Cts. R. A. D. A., Rule 4(a) (notice of appeal under rule 3 shall be filed within ten days after entry of judgment being appealed). This ten-day time limit may be tolled by the filing of a motion under rules 52(b) or 59 of the Massachusetts Rules of Civil Procedure.[3] Dist./Mun. Cts. R. A. D. A., Rule 4(a). Amotion to vacate entry of judgment pursuant to Mass. R. Civ. P., Rule 60(b) (1) does not toll the running of appellate filing deadlines. See, e.g., Piedra v. Mercy Hosp., Inc., 39 Mass. App. Ct. 184, 188 (1995) (rule 60(b) motion does not toll running of 30-day appeal period established by Mass. R. A. P., Rule 4, which is identical in relevant part to Dist./Mun. Cts. R. A. D. A., Rule 4). The filing of TERI’s motion to vacate the judgment of dismissal did not toll the ten-day deadline set out in Dist./Mun. Cts. R. A. D. A., Rule 4. As TERI’s appeal was not filed timely, it should have been dismissed.
Accordingly, TERI’s appeal is dismissed. With that dismissal, the remaining issues on appeal are moot, and we do not reach them.
So ordered.

 TERI sent drafts of its answers to interrogatories to its counsel on June 7, 2007. Apparently, because of an oversight by counsel’s office staff, TERI’s draft answers were not finalized, TERI never signed its answers, and the answers were never served on Flynn or her counsel.

 A motion other than one brought under these two rules may toll the running of the filing time, but only if the motion calls into question the correctness of a judgment for lack of “legal or factual justification.” Pentucket Manor Chronic Hosp., Inc. v. Rate Setting Comm’n, 394 Mass. 233, 237 (1985).