This is the third appeal in this case in which the plaintiff, Select Portfolio Servicing, Inc. (SPS), as agent for U.S. Bank National Association (U.S. Bank), seeks a declaration that an improperly documented mortgage (New Century mortgage) to New Century Mortgage Association (New Century) is equitably subrogated to a prior first mortgage on a property in Belmont (property) owned by the defendants, Nancy and Peter Needel.[4] The prior first mortgage (Full Spectrum mortgage) was granted by both Nancy and Peter to Full Spectrum Lending, Inc. (Full Spectrum) and encumbered their interests in the property. On appeal, the defendants contend, inter alia, that because SPS has not shown that U.S. Bank is the assignee of the New Century mortgage, SPS lacks standing to seek equitable subrogation of the New Century mortgage to the Full Spectrum mortgage. Because the Land Court judge's finding that the New Century loan was assigned to U.S. Bank is not clearly erroneous and because U.S. Bank's ownership of the New Century loan is sufficient to give SPS standing to seek equitable subrogation of the New Century mortgage, we affirm.
Background. We briefly recite the pertinent background and procedural history. In 2000, the defendants borrowed $440,000 from Full Spectrum (Full Spectrum loan) and granted the Full Spectrum mortgage, which encumbered both of their interests in the property, in order to secure repayment of the Full Spectrum promissory note. In November, 2001, they refinanced the Full Spectrum loan. To do so, Nancy executed the New Century mortgage on the property, which secured repayment of a promissory note to New Century in the original principal amount of $485,000 (New Century loan). Peter did not execute the New Century mortgage. As part of the refinancing transaction, New Century disbursed funds to Full Spectrum to satisfy the Full Spectrum loan in full and to discharge the Full Spectrum mortgage.
Shortly thereafter (also in November, 2001), New Century executed an assignment in blank in which it purported to "assign [the New Century] mortgage and the Note and claim secured thereby." The assignment was subsequently altered to fill in the name of the assignee: U.S. Bank, as Trustee of the Asset Backed Securities Corporation Home Equity Loan Trust 2002-HE1 (trust). The assignment identifies the New Century loan by its loan number. The validity of the assignment is disputed.
In January, 2002, SPS and U.S. Bank, amongst others, entered into a pooling and servicing agreement (PSA) that created the trust.[5] The PSA appointed U.S. Bank as trustee of the trust, and appointed SPS as servicer of the mortgage loans originated by New Century. The PSA, using language of present assignment, assigned a number of pooled and securitized mortgage loans to the trust. The assigned mortgage loans were "identified on the Mortgage Loan Schedule." Part A of that schedule identified the mortgage loans assigned to the trust that were originated by New Century and listed the New Century loan.
In September, 2003, the defendants ceased making payments on the New Century loan; in June, 2007, SPS commenced the present action. In the first appeal, we affirmed the allowance of SPS's motion for summary judgment that the New Century mortgage was equitably subrogated to the Full Spectrum mortgage; however, we remanded to the Land Court on the sole issue whether the New Century loan was included in the pool of New Century mortgage loans that SPS had established were transferred to U.S. Bank, as trustee of the trust. Select Portfolio Servicing, Inc. v. Needel, 83 Mass. App. Ct. 1130 (2013) (SPS I ).[6]
On remand, the Land Court judge found, following a trial, that SPS had shown U.S. Bank owned the New Century loan, relying on (i) the disputed assignment to U.S. Bank, which preceded the formation of the trust, and (ii) the Mortgage Loan Schedule of the PSA, which listed the New Century loan as one of a pool of New Century loans transferred to U.S. Bank. In the second appeal, the defendants maintained, inter alia, that the assignment was invalid because it purported to assign the New Century loan to U.S. Bank as trustee of the trust, which was not formed until after the assignment.[7] The Supreme Judicial Court transferred the case to itself sua sponte; however, before oral argument, SPS notified that court that the assignment had been executed in blank (as the defendants had contended) before it was completed with the name of U.S. Bank as the assignee. The Supreme Judicial Court remanded the case to this court; and, at the request of the parties, we remanded the case to the Land Court for it to determine, in the first instance, what effect, if any, the blank assignment had on the issues in the case. Select Portfolio Servicing, Inc. v. Needel, 88 Mass. App. Ct. 1113 (2015) (SPS II ).
On further remand, the parties filed cross motions for summary judgment regarding the effect of the blank assignment. The Land Court judge reaffirmed his factual finding (following the bench trial after the first remand) that SPS had shown that the New Century loan to the defendants was assigned to U.S. Bank. He relied on the mortgage loan schedule listing the New Century loan as among the pool of mortgage loans assigned to the trust. In addition, he ruled that the blank assignment did not affect the equitable subrogation of the New Century mortgage to the Full Spectrum mortgage, and that SPS, as agent for U.S. Bank, had standing to seek equitable subrogation. The Land Court judge denied the defendants' motion for reconsideration. A judgment after further remand entered.
Discussion. a. Standard of review. "In reviewing a grant of summary judgment, we assess the record de novo and take the facts, together with all reasonable inferences to be drawn from them, in the light most favorable to the nonmoving party." Jane J. v. Commonwealth, 91 Mass. App. Ct. 325, 327 (2017), quoting from Pugsley v. Police Dept. of Boston, 472 Mass. 367, 370-371 (2015). To the extent the defendants challenge the Land Court judge's factual findings from the 2014 trial, which he reaffirmed upon further remand, we review for clear error, keeping in mind that factual findings of the Land Court "must stand if warranted on any view of the evidence and all reasonable inferences therefrom." Norton v. West, 8 Mass. App. Ct. 348, 350 (1979). Furthermore, we review the denial of the defendants' motion for reconsideration for an abuse of discretion. See Piedra v. Mercy Hosp., Inc., 39 Mass. App. Ct. 184, 188 (1995).
b. SPS interest in the New Century loan. On this third appeal, the defendants do not challenge that the New Century mortgage is equitably subrogated to the Full Spectrum mortgage.[8] Instead, the defendants challenge SPS's standing on two grounds. First, the defendants contend that the Land Court judge erred in finding that U.S. Bank was assigned the New Century loan despite the blank assignment. We disagree. In reaffirming his finding that the New Century loan was included in the pool of mortgage loans assigned to U.S. Bank under the PSA, the Land Court judge relied on the PSA and the mortgage loan schedule. The New Century loan-identified by its loan number, servicing account number, and name of the borrower-was on the schedule. The Land Court judge credited the testimony of Diane Weinberger, director of SPS's default management department, who authenticated both the PSA and its mortgage loan schedule as records kept by and routinely accessed by and relied upon by SPS in the ordinary course of its business as servicer for the pool of mortgage loans assigned to U.S. Bank.[9] The Land Court judge found that "[n]othing on the face of the [m]ortgage [l]oan [s]chedule or in the way it was handled or maintained casts doubt on this conclusion." The Land Court judge's finding that U.S. Bank owns the New Century loan is not clearly erroneous.[10] See Norton, 8 Mass. App. Ct. at 350. Moreover, the judge did not abuse his discretion in denying the defendants' request for reconsideration of this finding. See Piedra v. Mercy Hosp., Inc., 39 Mass. App. Ct. at 188.
Second, the defendants maintain that unless SPS can show that U.S. Bank was assigned the New Century mortgage (as distinct from the loan it secured), SPS lacks standing to seek equitable subrogation of the New Century mortgage. The defendants are correct that the assignment of the New Century mortgage in blank is void. See U.S. Bank Natl. Assn. v. Ibanez, 458 Mass. 637, 652 (2011). However, contrary to the defendants' assertion, SPS is not required to show that U.S. Bank holds record legal title to the New Century mortgage in order to have standing (by virtue of the assignment by New Century to U.S. Bank) to seek a declaration that the New Century mortgage is subrogated to the Full Spectrum mortgage. See East Boston Sav. Bank v. Ogan, 428 Mass. 327, 329-330 (1998) (The doctrine of equitable subrogation "is a broad equitable remedy"); Restatement (Third) of Property (Mortgages) § 7.6 (1997) ("One who fully performs an obligation of another, secured by a mortgage, becomes by subrogation the owner of the obligation and the mortgage to the extent necessary to prevent unjust enrichment" and not also requiring that subrogee itself hold a mortgage); 73 Am. Jur. 2d Subrogation § 5 (2012) (listing criteria for equitable subrogation, including "(1) payment must have been made by the subrogee to protect his or her own interest; (2) the subrogee must not have acted as a volunteer; (3) the debt paid must have been one for which the subrogee was not primarily liable; (4) the entire debt must have been paid; and (5) subrogation must not work any injustice to the rights of other," but also not requiring subrogee to hold mortgage).
The defendants' argument confuses two different concepts-equitable subrogation of the New Century mortgage to the Full Spectrum mortgage, on the one hand, and SPS's standing to seek subrogation by virtue of New Century's assignment to U.S. Bank, on the other. The former has already been established in this case. See SPS I. All that is required for the latter is that SPS have "a definite interest in the matters in contention in the sense that [its] rights will be significantly affected by a resolution of the contested point." Bonan v. Boston, 398 Mass. 315, 320 (1986). See HSBC Bank USA, N.A. v. Matt, 464 Mass. 193, 200 (2013). Here, SPS, as the agent for U.S. Bank, which is the assignee of the New Century loan, has a definite interest in the sought resolution-namely, that the New Century mortgage be subrogated to the Full Spectrum mortgage.[11]
Fees. The defendants' request for fees and costs in association with their appeal is denied.
Judgment after further remand affirmed.

Because the defendants share the same last name, we will refer to them in this decision by their first names.

The PSA was entered into by Fairbanks Capital Corporation, which is SPS's predecessor in interest.

We also affirmed that SPS is the agent of U.S. Bank. See SPS I, supra.

The defendants do not press this argument in the present appeal. Therefore, it is waived. See John Hancock Mut. Life Ins. Co. v. Banerji, 447 Mass. 875, 887 n.20 (2006) ; Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

As noted above, in SPS I, while we remanded on the issue of SPS's standing, we affirmed the judgment of the Land Court in all other respects, including the ruling that the New Century mortgage is equitably subrogated to the Full Spectrum mortgage, which the defendants did not appeal.

The Land Court judge did not abuse his discretion in admitting the loan schedule in evidence as a business record. See Beal Bank, SSB v. Eurich, 444 Mass. 813, 816-817 (2005).

The defendants also maintain that the Land Court judge impermissibly limited the scope of the remand order in SPS I. We disagree. In SPS I, a panel of this court held that "[t]he attachments to the complaint establish that [SPS] is the servicing agent for all debt owed to U.S. Bank, and also that U.S. Bank is the assignee of a loan pool purchased from New Century. However, the inclusion of the Needels' loan in that pool remains undocumented in the record as it now stands ...." According, we vacated "[t]hat portion of the judgment determining that U.S. Bank has demonstrated its ownership of the debt" and otherwise affirmed the judgment. On remand, the judge correctly held a trial to determine whether the New Century loan was included in the pool of New Century mortgage loans transferred by New Century to U.S. Bank.

With respect to the defendants' other arguments not addressed herein, "they have not been overlooked. 'We find nothing in them that requires discussion.' " Central Ceilings, Inc. v. Suffolk Constr. Co., 91 Mass. App. Ct. 231, 242 n.20 (2017), quoting from Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).