Samir Tanios applied for benefits under the Supplemental Nutrition Assistance Program (SNAP). The Department of Transitional Assistance (department) denied his application on the ground that Tanios did not meet minimum noncitizen residency requirements. Tanios appealed and the department held a fair hearing, after which a hearing officer affirmed that Tanios did not qualify for benefits. Tanios challenged the department's decision by filing an action in the Superior Court pursuant to G. L. c. 30A. A Superior Court judge dismissed Tanios's complaint and, later, denied Tanios's postjudgment motion. We dismiss the appeal from the judgment and affirm the order denying the postjudgment motion.
We first observe that Bahig Bishay purportedly is acting on Tanios's behalf in this matter. Bishay, who is not a licensed attorney, may not do so.[2] See G. L. c. 221, § 41 (criminal penalties for unauthorized practice of law); G. L. c. 221, § 46A (only licensed attorney in good standing may practice law); Burnham v. Justices of the Superior Ct., 439 Mass. 1018, 1018 (2003) (petition properly dismissed where party purportedly represented by nonattorney). Ordinarily, we would strike Bishay's filings, which would, in turn, result in the summary dismissal of the appeal. However, in this case a Superior Court judge, for reasons unexplained on the record before us, allowed Bishay to "represent" Tanios below. Based on that order, we provisionally accepted Bishay's filings. In these unusual circumstances, we believe justice would be better served by allowing Tanios's appeal to proceed in the usual course.
We also must clarify what is before us. The Superior Court docket reflects that judgment entered on June 28, 2017. For present purposes we assume, as the department concedes, that because the department is a party, Tanios had sixty days from the entry of judgment to notice an appeal. See Mass.R.A.P. 4(a), as amended, 464 Mass. 1601 (2013). Tanios did not notice an appeal within that time. Instead, Bishay filed a notice of appeal on October 10, 2017, more than six weeks late. Bishay nonetheless argues that the notice was timely because, after judgment entered, Bishay, on Tanios's behalf, served a postjudgment motion to "correct findings of fact" and "apply governing law."
Certain postjudgment motions (e.g., Mass.R.Civ.P. 59, 365 Mass. 827 [1974]; Mass.R.Civ.P. 60, 365 Mass. 828 [1974] ), if served not later than ten days after judgment enters, suspend the time in which a notice of appeal must be filed until a judge has ruled on that motion. See Mass.R.A.P. 4(a). Bishay purportedly served the postjudgment motion on July 21, 2017, or about two weeks late.[3] The judge denied the postjudgment motion on September 12, 2017. Thus, although "the appeal from the denial of the motion ... was timely as to the order denying the motion, that appeal did not necessarily bring up the underlying judgment." Muir v. Hall, 37 Mass. App. Ct. 38, 40 (1994). See Piedra v. Mercy Hosp., Inc., 39 Mass. App. Ct. 184, 186-188 (1995).[4]
In short, the only question that we would be able to properly consider in this appeal is whether the judge abused her discretion by denying the postjudgment motion, which we treat as being made under rule 60(b). See Piedra, supra at 188 n.4. See also Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 433-435 (1979) ; Charles Choate Memorial Hosp. v. Commissioner of Pub. Welfare, 13 Mass. App. Ct. 1080, 1080 (1982) (motion for relief from judgment is not substitute for direct appeal). However, in the appellant's brief, neither Bishay nor Tanios makes any argument that the judge abused her discretion by denying the postjudgment motion. Accordingly, we deem any such claim waived. See Missett v. Cardinal Cushing High Sch., 43 Mass. App. Ct. 5, 6 n.3 (1997).
Were we to consider the question, Tanios would fare no better. Beyond re-raising claims previously argued and rejected, Bishay argued in the postjudgment motion-but not here-that Tanios was improperly denied an opportunity at the fair hearing to present evidence that he was "disabled" as defined in 106 Code Mass. Regs. § 361.210 (2013). On the contrary, the record fully supports the judge's observation that Bishay, purportedly acting as Tanios's representative, made no attempt to present such evidence, and that Bishay instead "clearly restricted [Tanios's] appeal to a constitutional challenge of [the department's] denial of SNAP benefits to the petitioner because he was disqualified as an eligible noncitizen.... The petitioner was given the opportunity to present evidence and legal argument. There was no undisclosed procedural irregularity." The judge's well-supported ruling cannot be deemed an abuse of discretion.
So much of Tanios's appeal as purports to be from the judgment is dismissed. The order denying Tanios's postjudgment motion, entered September 12, 2017, is affirmed.
So ordered.
Appeal dismissed; order affirmed.

We also take judicial notice that Bishay is himself subject to a vexatious litigant order, that is, Bishay and his wife are enjoined "from filing any action in any Massachusetts State court without the prior approval of a regional administrative judge." Bishay v. Land Ct. Dept. of the Trial Ct., 477 Mass. 1032, 1032 (2017).

We need not consider Bishay's unsupported assertion that Bishay did not receive notice of the judgment until July 11, 2017. Even if we credited Bishay's assertion, the date that Bishay actually received notice would not be relevant to the question presented. See Commonwealth v. Mullen, 72 Mass. App. Ct. 136, 138 (2008) (time in which to notice appeal "runs not from ... the time the parties receive notice" of judgment or order but "from the date of entry" [quotation omitted] ). See also BJ's Wholesale Club, Inc. v. City Council of Fitchburg, 52 Mass. App. Ct. 585, 588 (2001) ("[W]e do not find excusable neglect in the simple case of reliance by the parties on the clerk's duty to send notice of orders where they had neglected their obligation to check the docket entries periodically" [quotation omitted] ).

Even had there been a timely appeal of the judgment, the equal protection argument proffered by Tanios would be unavailing. See Doe v. Commissioner of Transitional Assistance, 437 Mass. 521, 528-535 (2002). Contrast Finch v. Commonwealth Health Ins. Connector Authy., 461 Mass. 232, 245-249 (2012).