NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-157

SYED K. RAFI

vs.

HARVARD UNIVERSITY MEDICAL SCHOOL[1] & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On June 19, 2020, the plaintiff, Syed Rafi, filed a complaint against the defendants alleging violations of the Massachusetts Civil Rights Act.  This complaint is the latest in a long history of litigation that Rafi has initiated against the defendants arising from the same set of allegations:  that the defendants engaged in a race and class-based conspiracy to deny Rafi employment.  On September 24, 2020, the defendants moved to dismiss the complaint, arguing res judicata applied and that Rafi failed to state a claim upon which relief could be granted. In a decision dated February 25, 2021, and docketed on March 5,

_____

[1] As is our custom, the parties' names appear as they do in the complaint.

[2] Brigham and Women's Hospital; Children's Hospital Boston; Massachusetts General Hospital; Mira B. Irons; Cynthia C. Morton; Marcy E. MacDonald; and Richard L. Maas.

2021, a Superior Court judge allowed the defendants' motion, agreeing that Rafi's claims were barred by claim preclusion because he had previously filed other suits alleging that defendants engaged in a race and class-based conspiracy to deny him employment. Judgment for the defendants issued on March 8, 2021. Rafi did not file a notice of appeal from the judgment until November 9, 2021.

On July 28, 2021, Rafi served, and on July 29, 2021, Rafi filed, a motion for reconsideration of the judgment of dismissal. That motion was denied on November 8, 2021, because, as the judge stated, it "raise[d] no arguments that were not addressed in this Court's Memorandum of Decision and Order on Defendant's Motion to Dismiss." On November 9, 2021, Rafi filed this appeal, purporting to appeal from both the judgment of dismissal of the case and the judge's ruling on his motion for reconsideration.

The defendants argue that the plaintiff's appeal of the Superior Court's judgment of dismissal is untimely. In a civil case such as this, appellants must file their notice of appeal within thirty days of the date of the entry of the applicable judgment or order. See Mass. R. A. P. 4 (a) (1), as appearing in 481 Mass. 1606 (2019). If, however, an appellant serves a motion to alter or amend a judgment within ten days of the entry of the judgment, then the time to file an appeal runs from the

2

entry of the order disposing of that motion. See Mass. R. A. P. 4 (a) (2) (C), as appearing in 481 Mass. 1606 (2019).

Here, Rafi's appeal of the March 8, 2021 judgment of dismissal is untimely. Rafi's motion for reconsideration, which in substance was a motion under rule 4 (a) (2) (C), was served and filed more than four months after the judgment of dismissal. During oral arguments, Rafi claimed he was unable to file his motion for reconsideration in a timely fashion due to the COVID-19 pandemic. Nothing in the record supports this contention. Because Rafi's motion for reconsideration was served beyond the ten-day window mentioned in Mass. R. A. P. 4 (a) (2) (C), Rafi had thirty days after the entry of judgment on March 8, 2021, to appeal from the judgment dismissing his complaint. His notice of appeal filed on November 9, 2021, was well beyond that time.

The only issue timely appealed and thus properly before us is the denial of Rafi's motion for reconsideration, appealed the day after the denial of the motion. We review a judge's denial of a motion for reconsideration for an abuse of discretion. See Piedra v. Mercy Hosp., Inc., 39 Mass. App. Ct. 184, 188 (1995). After reviewing the record, we see no abuse of discretion. All of the arguments raised in Rafi's motion for reconsideration were thoroughly addressed in the judge's order granting

dismissal.[3]  We see no reason to disturb the judge's ruling on the motion for reconsideration and accordingly affirm.

<u>Order of November 8, 2021,
    denying motion for
    reconsideration</u>, affirmed.

By the Court (Massing,
    Sacks & Walsh, JJ.[4])

*Joseph F. Stanton*

Clerk

Entered:  March 3, 2023.

---

[3] Rafi's arguments in his motion for reconsideration consisted of the following:  the court was incorrect to conclude that Rafi had not sufficiently pled any claims upon which relief can be granted; the court was incorrect to conclude that Rafi failed to sufficiently plead a claim under G. L. c. 12, § 11H, as the statute does provide a cause of action; the court was incorrect to conclude that claim preclusion barred Rafi's claims.  Each of these arguments was also made previously in his filings in opposition to the defendants' motion seeking dismissal.

[4] The panelists are listed in order of seniority.