NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-422

JOHN HUGO

vs.

NUVASIVE, INC. & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A Superior Court judge entered separate and final judgment, dismissing defendants David Campbell and Melissa Stone from this medical malpractice action.  The plaintiff, who did not appeal the judgment, now appeals the denial of his motion for reconsideration of the judgment.  Because the judge did not abuse his discretion in denying the motion, we affirm.

Background.  The plaintiff commenced the underlying medical malpractice action on May 10, 2018.  On November 19, 2021, a medical tribunal, pursuant to G. L. c. 231, § 60B, reported, relative to these two defendants, that there was not sufficient evidence to raise a legitimate question as to liability

_____

[1] Medtronic PLC; Medtronic Sofamor Danek USA, Inc.; Pfizer, Inc. as successor to Wyeth, Inc.; Beth Israel Deaconess Medical Center, Inc.; Paul Glazer; Paul Glazer M.D., P.C.; David Campbell; Melissa Stone; and Does 1-9.

appropriate for judicial inquiry.[2]  The plaintiff was thus
required to either post a bond with the court within thirty days
or seek reduction of the bond requirement in order to proceed
with the action against these defendants.  See G. L. c. 231,
§ 60B.  On December 20, 2021, the plaintiff filed an "Emergency
Motion for Expansion of Time for Rule 9A Motion for Reduction of
Bond."  Although this motion was allowed, granting the plaintiff
until January 24, 2022, to file his motion, he failed to timely
post the bond or file (1) a motion to reduce the bond, or (2) a
motion to further expand the time to post the bond.
Accordingly, on January 27, 2022, a Superior Court judge ordered
the plaintiff's claims against these defendants dismissed due to
the plaintiff's failure to post the bond.[3]  Separate and final
judgment entered on February 9, 2022.

On February 23, 2022, the plaintiff filed his "Emergency
Motion for Reconsideration and Request for a Hearing," asking
for a second extension of time to file for a reduction in the
bond.  On February 24, 2022, the judge denied the motion,
concluding, "A hearing is denied because the issues are clear.

---

[2] The medical tribunal reported sufficient evidence appropriate
for judicial inquiry as related to other individuals named in
the amended complaint.

[3] General Laws c. 231, § 60B, provides in pertinent part:  "If
said bond is not posted within thirty days of the tribunal's
finding the action shall be dismissed."

This motion is denied because the court finds that this process of delay will go on forever and the defendants must not be subjected to this."

Discussion. 1. Scope of review. As a preliminary matter, we note that our review is limited to the judge's denial of the plaintiff's motion for reconsideration. We need not consider the plaintiff's challenge to the judgment because the judgment is not identified in the notice of appeal as required by Mass. R. A. P. 3 (c) (1), as appearing in 481 Mass. 1603 (2019), and because the plaintiff failed to timely appeal the judgment within the thirty-day period specified in Mass. R. A. P. Rule 4 (a), as appearing in 481 Mass. 1606 (2019). See Muir v. Hall, 37 Mass. App. Ct. 38, 40 (1994). Moreover, the plaintiff's motion to reconsider did not toll the time to file an appeal since it was not served within ten days of the judgment, as required by Mass. R. A. P. 4 (a) (2) (C). See Piedra v. Mercy Hosp., Inc., 39 Mass. App. Ct. 184, 186-187 (1995). Since Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974), also required service within ten days, we treat the plaintiff's motion as one for relief from the judgment pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), which does not bring with it an appeal

3

from the original judgment.  See Piedra, supra at 187-188;
Wilkinson v. Guarino, 19 Mass. App. Ct. 1021, 1023 n.6 (1985).[4]

2.  Rule 60 motion.  "Rule 60 sets forth a comprehensive
framework for obtaining relief from a final judgment or order,
balancing the competing needs for finality and flexibility to be
certain that justice is done in light of all the facts."  Sahin
v. Sahin, 435 Mass. 396, 399-400 (2001).  Here, the plaintiff's
motion alleged that his incapacitation due to illness, from
approximately December 1, 2021, through February 8, 2022,
rendered him unable to fulfill his obligations -- to include the
filing of a motion to further expand the time for posting bond -
- as a pro se litigant.  His claim falls under rule 60 (b) (6),
a catchall provision that provides an avenue of relief for "any
other reason" not accounted for in rule 60 (b) (1) through (5).

A judge considering a rule 60 (b) (6) motion may consider
whether the moving party "has a meritorious claim or defense
. . . whether extraordinary circumstances warrant relief . . .
and 'whether the substantial rights of the parties in the matter
in controversy' will be affected by granting the motion"
(citation omitted).  Owens v. Mukendi, 448 Mass. 66, 72 (2006).

---

[4] The plaintiff's pro se status does not excuse his procedural
failures.  "A pro se litigant is bound by the same rules of
procedure as litigants with counsel."  Kellermann v. Kellermann,
390 Mass. 1007, 1008 (1984), quoting International Fid. Ins. Co.
v. Wilson, 387 Mass. 841, 847 (1983).

4

Rule 60 (b) (6) has an "extremely meagre scope" and "requires compelling or extraordinary circumstances" (citations omitted). Winthrop Corp. v. Lowenthal, 29 Mass. App. Ct. 180, 188 (1990). The motion is therefore addressed to the discretion of the judge and "will not be reversed on appeal save for abuse" (citation omitted). Parrell v. Keenan, 389 Mass. 809, 814-815 (1983). See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (judge abuses discretion where "decision falls outside the range of reasonable alternatives" [citation omitted]).

The plaintiff first asserts that the judge erred by not finding his medical incapacitation warranted relief from the judgment. In considering the plaintiff's motion, the judge was not required to credit the plaintiff's assertions (unsupported by either affidavit[5] or medical documentation) as to either the nature of the purported incapacitation or that the stated conditions prevented him from timely compliance with a court order. See, e.g., Hermanson v. Szafarowicz, 457 Mass. 39, 47 (2010) (judge evaluating rule 60 [b] motion not bound to accept defendant's self-serving statements). In fact, the Superior

---

[5] The plaintiff's motion for reconsideration does not include an attestation of oath as to its averments, but only as to its service to the defendants. Under Rule 9A (a) (4) of the Rules of the Superior Court (2018), "The court need not consider any motion, opposition, or reply based on facts unless the facts are verified by affidavit, are otherwise apparent in the record, or are agreed to in a writing signed by the interested parties or their counsel."

5

Court docket reveals that the judge had concerns with prior plaintiff filings. For instance, in allowing defendant Stone's "Motion to Strike Plaintiff's Request for Admissions," the judge ordered, "The defendants are not obligated to respond to scandalous requests that are made without basis."[6]

Additionally, the record permitted the judge to conclude that the plaintiff's underlying action lacked merit. A meritorious claim is one that is "worthy of judicial investigation because [it raises] a material question of law meriting discussion and decision, or a real controversy as to essential facts arising from conflicting or doubtful evidence." Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 433 (1979), quoting Russell v. Foley, 278 Mass. 145, 148 (1932). Here, the plaintiff did not support his motion with either an affidavit or reference to materials in discovery that indicated he could maintain a case on the merits. See Berube, supra at 430. This omission is glaring considering the tribunal's conclusion that the plaintiff did not offer sufficient evidence

---

[6] We do not mean to suggest the judge would have abused his discretion had he credited the plaintiff's claims before concluding the proffered basis did not amount to extraordinary circumstances justifying relief from the judgment under rule 60 (b) (6). See Winthrop Corp., 29 Mass. App. Ct. at 188. See also DeMarco v. DeMarco, 89 Mass. App. Ct. 618, 621-622 (2016) ("Extraordinary circumstances may include evidence of actual fraud, a genuine lack of consent, or a newly-emergent material issue").

to raise a legitimate question as to liability, which triggered the statutory requirement that he post bond in order to proceed. Furthermore, the judge's extensive involvement[7] with this matter indicates his familiarity with the merits of this case and informed his discretionary authority to deny the motion. See, e.g., Cahaly v. Benistar Prop. Exch. Trust Co., 451 Mass. 343, 362 (2008) (deferential standard of review particularly appropriate where judge "intimately familiar" with matter and parties).

Similarly, the judge's familiarity with this case permitted him to reject as unreasonable the plaintiff's request in his motion for additional time to file for reduction in the bond. In fact, the judge had previously expressed concern for the plaintiff's delay, as evidenced by an October 2020 docket entry, noting that "[t]he court does not anticipate further enlargements [for the plaintiff] in the face of an objection." Instead of actually filing a motion for reduced bond, the plaintiff sought further delay. The plaintiff's pattern of delay supports the judge's ultimate conclusion that "this process of delay will go on forever and the defendants must not be subjected to this."

---

[7] The docket reflects that the judge had been involved with issues related to discovery and the medical malpractice tribunal process, and that he had presided over the defendants' motions to dismiss.

The plaintiff also claims he did not receive contemporaneous notice of the judge's allowing him additional time to file a motion to waive the appeal bond, and that this lack of notice somehow entitles him to even more additional time. Among other problems with this argument,[8] the plaintiff never raised this argument with the Superior Court, and it therefore is waived. See M. H. Gordon & Son, Inc. v. Alcoholic Beverages Control Comm'n, 386 Mass. 64, 67 (1982) ("The general

---

[8] This lack of notice claim provides no basis for relief, as it does not explain the plaintiff's failure to file a motion to waive the bond either by the first or by the extended deadline. The plaintiff never filed a motion concerning the bond, instead he repeatedly sought more time to in which do so. As discussed supra, the judge acted within his discretion in concluding that this evidenced the plaintiff's pattern of delay. In addition, the factual basis for the plaintiff's claim runs contrary to the parties' submissions, which reveal that the Superior Court Clerk's Office and defense counsel successfully communicated with the plaintiff, via the same, plaintiff-provided email address (for court notifications), during the time frame in which the court sent the relevant notice.

rule is that an issue not raised in the trial court cannot be argued for the first time on appeal").

Order denying motion for
reconsideration affirmed.

By the Court (Milkey, Henry & Smyth, JJ.[9]),

*Joseph F. Stanton*

Clerk

Entered:   March 8, 2023.

---

[9] The panelists are listed in order of seniority.