NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1231

FRANCES DEROSA[1]

vs.

MELROSE WAKEFIELD HOSPITAL & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this medical malpractice action, the plaintiff, Frances A. DeRosa, alleged that the actions of defendant Dr. Juan Mendieta and defendant Melrose Wakefield Hospital (hospital) caused the death of her mother. The claim against the hospital was dismissed for failure to state a claim, and the claim against Mendieta was later dismissed for the plaintiff's noncompliance with discovery orders. The plaintiff's motion for reconsideration was denied. We affirm the denial of the motion

---

[1] Individually and as personal representative of the estate of Rosalie DeRosa.

[2] Juan Mendieta.

for reconsideration, which is the only matter properly before us.

Background.  Accepting the allegations in the plaintiff's pleadings as true, her mother, Rosalie DeRosa, died on January 2, 2015, while receiving treatment from Mendieta at the hospital.  The plaintiff filed a complaint in the Superior Court on December 22, 2017, followed by an amended complaint on February 28, 2018.  On October 25, 2018, a judge allowed the hospital's motion to dismiss for failure to state a claim.  See Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).  The case proceeded against Mendieta alone.  Following lengthy pretrial proceedings, the plaintiff's complaint against Mendieta was dismissed on January 19, 2022, for her repeated noncompliance with numerous judges' discovery orders.  The plaintiff did not file a timely notice of appeal from the judgment.  Instead, on February 17, 2022, she filed a motion for reconsideration, which was denied on March 30, 2022.  She filed a notice of appeal on April 7, 2022, purporting to appeal from the judgment and from the denial of reconsideration.

Discussion.  1.  The appeal from the judgment is untimely.  "A timely notice of appeal is a jurisdictional prerequisite to our authority to consider any matter on appeal," DeLucia v. Kfoury, 93 Mass. App. Ct. 166, 170 (2018), and "we have the duty

2

to consider sua sponte whether we have jurisdiction." Wells Fargo Bank, N.A. v. Sutton, 103 Mass. App. Ct. 148, 153 (2023). "While the appeal from the denial of the plaintiff's motion for reconsideration was timely as to the order denying the motion, the 'appeal does not necessarily bring up the underlying judgment [for defendants] which was entered on [January 19, 2022].'" Piedra v. Mercy Hosp., Inc., 39 Mass. App. Ct. 184, 186 (1995), quoting Muir v. Hall, 37 Mass. App. Ct. 38, 40 (1994). To appeal from the judgment, the plaintiff was required to file a notice of appeal within thirty days of its entry on the docket. See Piedra, supra at 186-187; Mass. R. A. P. 4 (a) (1), as appearing in 481 Mass. 1606 (2019).

Although the plaintiff filed a motion for reconsideration within that thirty-day period, the motion did not stop the clock for filing the notice of appeal from the judgment. Had the plaintiff timely filed or served one of the motions listed in Mass. R. A. P. 4 (a) (2) -- all of which must be filed or served within ten days of the judgment -- then the thirty-day period would have started anew after the denial of such a motion. See Piedra, 39 Mass. App. Ct. at 187; Mass. R. A. P. 4 (a) (2). But the plaintiff's motion for reconsideration, even if treated as a motion to alter or amend the judgment under Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974), or a motion for relief from the

judgment under Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), was not filed within ten days and therefore did not suspend the thirty-day deadline for filing the notice of appeal from the judgment.[3]

Accordingly, the plaintiff's notice of appeal did not "bring up" the January 19, 2022, judgment dismissing the plaintiff's claims against the hospital and Mendieta.  Piedra, 39 Mass. App. Ct. at 186.  The only issue preserved for appellate review is whether the motion for reconsideration was properly denied.

2.  Motion for reconsideration.  During the discovery phase of the case, Mendieta filed repeated motions to compel discovery from the plaintiff.  At least three judges entered orders requiring the plaintiff to provide documents and answers to interrogatories, to appear for a deposition, and to supply her expert witness's report and curriculum vitae.  In an order dated November 24, 2021 (entered on November 29, 2021), following a hearing in which the plaintiff participated by telephone, a judge gave her a final warning:

> "[The plaintiff] has consistently failed to comply with, or been dilatory in complying with, discovery obligations of this court.  Accordingly, I ordered during the November 23

---

[3] We further note that the plaintiff did not seek an enlargement of time for filing the notice of appeal.  See Piedra, 39 Mass. App. Ct. at 187; Mass. R. A. P. 4 (c), as appearing in 491 Mass. 1606 (2019).

4

hearing, and now confirm, that she is ordered to supply a written report from a medical expert to defense counsel on or before December 22, 2021, with a copy to the court by that date. She is also ordered to attend her deposition by December 22, 2021. Failure to fulfill both of these obligations will result in dismissal of this suit for lack of prosecution without the need for further hearings."

Despite having received repeated chances and warnings, the plaintiff did not supply or file the expert report and did not appear for her deposition, which was scheduled for December 15, 2021.[4] The judge accordingly ordered entry of a judgment of dismissal based on the plaintiff's failure to comply with the court order. Were the propriety of the order of dismissal before us, we would discern no abuse of discretion. See Keene v. Brigham & Women's Hosp., Inc., 439 Mass. 223, 235-236 (2003); Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 429-430 (1986). The order of dismissal was "appropriately punitive in relation to the objectionable behavior." Grassi Design Group, Inc. v. Bank of Am., N.A., 74 Mass. App. Ct. 456, 460 (2009).

In the plaintiff's motion for reconsideration, for the first time she provided a letter from a doctor providing his observations regarding the plaintiff's mother's care at the

_____

[4] There is no doubt that the plaintiff had notice of the deposition, as she called the office of Mendieta's counsel on the morning of December 15 and was given information regarding where to appear that same afternoon.

5

hospital, which she characterized as "the expert letter that was needed." The plaintiff argues that in denying the motion for reconsideration, the judge "made errors of law by not accepting evidence that proved [her] case and not giving [her] a trial."

We review the denial of a motion for reconsideration for abuse of discretion. See Dacey v. Burgess, 491 Mass. 311, 317 (2023); Audubon Hill S. Condominium Ass'n v. Community Ass'n Underwriters of Am., Inc., 82 Mass. App. Ct. 461, 469-470 (2012). While changed circumstances, such as newly discovered information, can serve as a proper basis for a judge to reconsider a prior ruling, see id. at 470, we discern no abuse of discretion in the judge's determination that reconsideration was not warranted here.

The letter attached to the plaintiff's motion does not qualify as "newly discovered." Through reasonable diligence, the plaintiff could have obtained an expert report during the discovery process and avoided dismissal in the first place. See Wojcicki v. Caragher, 447 Mass. 200, 213 (2006) (evidence is considered newly discovered only if unknown and unavailable despite exercise of diligence). The judge was not required to afford the plaintiff yet another chance to comply with the court's multiple discovery orders. See Inman v. American Home Furniture Placement, Inc., 120 F.3d 117, 119 (8th Cir. 1997)

6

(refusing to set aside default judgment as defendants' delayed compliance with discovery requests "does not excuse their earlier inattention and comes too late" to warrant relief).  Nor did the late provision of the doctor's letter cure the plaintiff's other violations of discovery orders, including her multiple failures to attend her own deposition.

The plaintiff may perceive it as unfair that she will not have her day in court.  It was, however, within the plaintiff's power to follow the applicable procedural rules and court orders.  She failed, repeatedly, to do so.  "Although some leniency is appropriate in determining whether pro se litigants have complied with rules of procedure, the rules nevertheless bind pro se litigants as all other litigants."  Brown v. Chicopee Fire Fighters Ass'n, Local 1710, IAFF, 408 Mass. 1003, 1004 n.4 (1990).

Order dated March 30, 2022,
  denying motion for
  reconsideration, affirmed.

By the Court (Massing, Hand &
  Smyth, JJ.[5]),

Clerk

Entered:  November 8, 2024.

---

[5] The panelists are listed in order of seniority.

7