NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-66

HRONNE DEPAULO

vs.

JORNAL NEGOCIO FECHADO, INC. & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On March 3, 2022, following a jury-waived trial, a judge of the Superior Court entered a judgment for the plaintiff, Hronne DePaulo.[2]  On March 29, 2022, twenty-six days later, defendant Jehozadak Pereira filed an "emergency motion to vacate judgment."  That motion was denied on October 13, 2023.  On November 10, 2023, Pereira filed his notice of appeal, appealing from both the judgment and the denial of the motion to vacate. We affirm the denial of the motion to vacate but dismiss the

_____

    [1] Jehozadak Pereira and The Brazilian Times.

    [2] It is our practice to spell a party's name as it is spelled in the complaint.

appeal from the judgment without reaching the merits because it is untimely.

Judgment.  Generally, to appeal from a judgment, a party is required to file a notice of appeal within thirty days of its entry on the docket.  See Piedra v. Mercy Hosp., Inc., 39 Mass. App. Ct. 184, 186-187 (1995); Mass. R. A. P. 4 (a) (1), as appearing in 481 Mass. 1606 (2019).  "A timely notice of appeal is a jurisdictional prerequisite to our authority to consider any matter on appeal."  DeLucia v. Kfoury, 93 Mass. App. Ct. 166, 170 (2018).  The thirty-day period will be tolled if one of the motions listed in rule 4 (a) (2) of the Massachusetts Rules of Appellate Procedure is made or served in a timely manner. See Piedra, supra at 187; Mass. R. A. P. 4 (a) (2).  As pertinent here, rule 4 (a) (2) (C) tolls the thirty-day deadline until after the entry of an order disposing of the last remaining motion "for relief from judgment under Rule 60(b) . . . only if [that] motion is served within 10 days after entry of judgment."  Mass. R. A. P. 4 (a) (2) (c).  See Piedra, supra.

Pereira's emergency motion did not suspend the thirty-day deadline for filing the notice of appeal from the judgment.[3]  The motion was not filed until twenty-six days after the judgment

_____

[3] We further note that Pereira did not seek an enlargement of time for filing the notice of appeal.  See Piedra, 39 Mass. App. Ct. at 187; Mass. R. A. P. 4 (c).

2

entered and was not served on DePaulo prior to filing.[4]  Pereira needed to serve the emergency motion to vacate within the ten-day period as required by rule 4 (a) (2) (C) to properly toll the deadline.  Where an appeal is initiated by an untimely notice of appeal and no motion to file the notice of appeal late is presented to the Appeals Court, the untimely appeal must be dismissed.  See Kellerman v. Kellerman, 390 Mass. 1007, 1008 (1984).  Thus, Pereira's appeal from the judgment is dismissed.

Motion to vacate.  The notice of appeal was timely as to the denial of the emergency motion to vacate.  Pereira asserts that the judge abused his discretion in denying this motion.  Specifically, Pereiera takes issue with the judge's explanation for the denial, which was that the defendants "have not identified any basis to vacate judgment under Mass. R. Civ. P. 60."  Pereira claims that he mentioned two bases, namely, excusable neglect and to accomplish justice.

"Rule 60(b)(1) of the Massachusetts Rules of Civil Procedure authorizes the court to grant relief from judgment in cases of 'mistake, inadvertence, surprise or excusable neglect.'"  Christian Book Distrib., Inc. v. Wallace, 53 Mass. App. Ct. 905, 906 (2001), quoting Mass. R. Civ. P. 60 (b) (1),

---

[4] The motion itself did not contain a certificate of service, and DePaulo opposed the motion in part based on lack of service prior to filing.

365 Mass. 828 (1974). "[E]xcusable neglect is meant to apply to circumstances that are unique or extraordinary, not to any garden-variety oversight" (quotation and citation omitted). Pierce v. Hansen Eng'g & Mach. Co., Inc., 95 Mass. App. Ct. 713, 717 (2019). We review the denial of a Rule 60(b) motion such as this for abuse of discretion. See Saade v. Wilmington Trust, Nat'l Ass'n, 494 Mass. 1013, 1014 (2024).

Here, we discern no abuse of discretion. Pereira's motion to vacate asserted that his trial counsel misadvised him regarding the theories and strategies of his case. For example, he claimed that counsel told him he did not need to appear in court on the day of his trial and that he would "get a better deal" if he did not put on any defense. However, the motion to vacate lacked any compelling argument as to why Pereira's judgment should be vacated. Pereira's assertions do not explain how his outcome would have been better had he appeared in court. Pereira's motion to vacate failed to explain how his counsel's conduct was not strategic. As such, the motion's lack of specificity was grounds for denial.[5] There was no abuse of

---

[5] Pereira's reliance on rule 60 (b) (6), which is intended to cover "extraordinary circumstances" (citation omitted), Owens v. Mukendi, 448 Mass. 66, 71 (2006), is similarly unpersuasive. Pereira has not identified any extraordinary circumstances here.

4

discretion and thus, we affirm the denial of the motion to vacate.

Appeal from judgment
  dismissed.

Order denying motion to
  vacate affirmed.

By the Court (Massing,
  Englander & D'Angelo, JJ.[6]),

Clerk

Entered:  May 9, 2025.

---

[6] The panelists are listed in order of seniority.