COMMONWEALTH *vs.* RICHARD N. BOGANNAM. No. 99-P-1532. January 19, 2001. *Constitutional Law,* Double jeopardy. *Taxation,* Income tax, Controlled substances. *Controlled Substances.*

Tipped by the Peabody police that the defendant, Richard Bogannam, had been arrested for trafficking in a controlled substance, G. L. c. 94C, § 32E, the Massachusetts Department of Revenue initiated an investigation into the defendant's income tax returns, through its special investigations unit. After his indictment on the criminal charge in 1990, but before his ultimate plea of guilty in July, 1991,[1] the special investigations unit issued a notice of assessment and a notice of filing of Massachusetts tax lien, claiming unpaid taxes on income derived as a result of illegal activities for the years 1989 and 1990.[2] The defendant paid the income tax assessed, and, for amounts due in

---

[1]The defendant pleaded guilty to so much of the indictment as charged possession with intent to distribute, and the Commonwealth entered a nolle prosequi on the trafficking charge.

[2]"Massachusetts gross income" is defined as the "federal gross income," with certain modifications not relevant here. See G. L. c. 62, § 2, as amended by St. 1988, c. 106, § 4. "Federal gross income" is "gross income as defined under the Code," G. L. c. 62, § 1(*d*), as inserted by St. 1973, c. 723, § 2; and the "Code" means the "Internal Revenue Code of the United States." See G. L. c. 62, § 1(*c*), as amended by St. 1988, c. 106, § 1. Under the Code, "gross income" is defined as "all income from whatever source derived." 26 U.S.C. § 61(a) (1984). Unlawful gains are included in gross

tax year 1989, also paid interest, additional penalties for failure to report the income, and a jeopardy assessment, all pursuant to G. L. c. 62C, §§ 26(d),[3] 28, and 29. The total assessment was $5,447.74, which the defendant paid in January, 1991. Some four years later, in July, 1995, the defendant brought this motion for a new trial,[4] alleging that, because he had been subject to and had paid the income tax and related assessments, his sentence on the criminal charge constituted a second punishment, in violation of double jeopardy principles,[5] especially since he had been subjected to a "jeopardy assessment" pursuant to G. L. c. 62C, § 29.[6]

The defendant has not shown a double jeopardy violation here. The tax he paid was a tax on income received, albeit from illegal sources, and the interest and penalties related specifically to his failure to pay that tax. The "jeopardy assessment," far from relating to double jeopardy principles, is an assessment permitted where the tax payment, and not the tax payer, is in jeopardy.

The income tax assessment here differs from a tax assessed on possession of a controlled substance, imposition of which has been held punitive, implicating the double jeopardy clause. See *Department of Rev. of Mont.* v. *Kurth Ranch*, 511 U.S. 767, 780-783 (1994) (heavy tax on possession of marijuana, applicable only to persons arrested for that offense, constituted punishment within the meaning of the double jeopardy clause; where a criminal penalty had already been imposed, the subsequent imposition of this tax amounted to a second punishment for the same offense and was therefore unconstitutional); *Commissioner of Rev.* v. *Mullins*, 428 Mass. 406, 411-416

income. See *Rutkin* v. *United States*, 343 U.S. 130, 137-138 (1952); *Commissioner of Internal Rev.* v. *Tellier*, 383 U.S. 687, 691 (1966).

[3]The notice sent to the defendant by the Massachusetts Department of Revenue cited, inter alia, "Sec. 26D" of c. 62C. Since there is no section 26D, we surmise that the department intended to cite c. 62C, § 26(d), as inserted by St. 1976, c. 415, § 22, concerning "a false or fraudulent return filed with intent to evade a tax or . . . failure to file a return."

[4]The motion for new trial relied on a Supreme Court case, *Department of Rev. of Mont.* v. *Kurth Ranch*, 511 U.S. 767 (1994), which had issued some three years after the defendant tendered his plea of guilty. In March, 1999, the defendant brought a motion for a hearing on his *Kurth Ranch* argument, which the motion judge denied by endorsing the motion. In May, 1999, the defendant brought a "Motion for Reconsideration" of his March, 1999, motion, which, in addition to seeking a hearing on his motion to reconsider, also sought dismissal of the criminal complaint against him. The same judge who had denied the first motion for a hearing also denied the motion for reconsideration, by endorsing the motion. Although there is no docket entry showing denial of this motion for new trial, we treat the denial of the motion for reconsideration, which included a prayer for dismissal of the complaint, as effectively denying the motion for new trial.

[5]The double jeopardy clause of the Fifth Amendment to the United States Constitution provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." The double jeopardy clause is applicable to the States through the Fourteenth Amendment to the United States Constitution, *Grady* v. *Corbin*, 495 U.S. 508, 510 n.1 (1990), and has been recognized as part of the Massachusetts common and statutory laws. See *Commonwealth* v. *Woods*, 414 Mass. 343, 346, cert. denied, 510 U.S. 815 (1993); G. L. c. 263, § 7.

[6]General Laws c. 62C, § 29, as inserted by St. 1976, c. 415, § 22, provides, in relevant part: "If the commissioner believes that the collection of any tax will be

(1998) (under *Kurth Ranch* analysis, the controlled substances tax [CST], G. L. c. 64K, inserted by St. 1993, c. 110, § 127, amounts to punishment in the constitutional sense).

Here, any assessments and penalties were related to the non-payment of an income tax properly levied, and were not punishment imposed on the possession of the illegal substance. See *Mullins, supra* at 415 & n.14 (Fact that CST "is basically 'imposed on criminals and no others,' . . . distinguishes [it] from traditional income taxes exacted on illegal activities. A taxpayer who fails to pay income tax on income from illegal activities is treated no differently from any other person who fails to pay a tax on income from whatever source derived" [citation omitted]).

The defendant further complains that his motion was denied without hearing. A judge's conclusion that a motion for new trial and the accompanying affidavits do not raise a substantial issue such that a hearing is required is entitled to substantial deference. See *Commonwealth* v. *Stewart*, 383 Mass. 253, 257-258 (1981); *Commonwealth* v. *DeVincent*, 421 Mass. 64, 67 (1995). The motion judge did not abuse his discretion in denying the defendant's motions for a hearing, and for reconsideration of the motion for a hearing.

There was no error in the denial of the defendant's motion for new trial. The orders denying the defendant's motions for hearing, and for reconsideration, are affirmed.

*So ordered.*

*Sumner H. Smith* for the defendant.

*Gregory I. Massing*, Assistant District Attorney, for the Commonwealth.

---

jeopardized by delay, he shall, whether or not the time otherwise prescribed by law for making return and paying such tax has expired, immediately assess such tax together with all interest and penalties, as provided by law."