NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-642

W.L.D.

vs.

G.L.S.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A District Court judge issued a permanent abuse prevention order pursuant to G. L. c. 209A (209A order) against the defendant on November 4, 2021.  In March 2023 the defendant filed a "motion to recall" the 209A order, which entered on the docket as a "motion to vacate," along with a motion for a telephone conference; the judge, treating the defendant's "motion to recall" as one for reconsideration, denied both motions.  The defendant appeals from those orders.[1]  We affirm.

---

[1] The defendant also filed a letter motion requesting production of certain documents.  Although no order specifically addressing that motion appears on the docket, as discussed infra it appears that the documents, to the extent permitted by law, were provided; the defendant, in his briefing, does not suggest otherwise or raise any arguments addressing that motion. Accordingly, and to the extent the defendant purports to appeal

Background.  On August 23, 2019, the plaintiff sought the initial ex parte 209A order against the defendant, based on her affidavit averring that the defendant had sexually abused her when she was six to fourteen years old, and that she had learned that he would soon be released from prison.  A judge entered an ex parte 209A order, and an extension hearing was scheduled for September 6, 2019.  On September 4, 2019, the defendant filed a "motion for extension of time and motion for return of property."  On September 6, 2019, at a hearing that was not attended by the defendant, the matter was continued at the defendant's request; another hearing was scheduled for November 5, 2019, and the 209A order was extended to that date.  That 209A order was served personally on the defendant by the sheriff's office in Leavenworth County, Kansas.  The defendant filed a "motion for documents" on September 11, 2019.

At a hearing on November 5, 2019, which the defendant did not attend, the 209A order was extended for two years until November 4, 2021.  That 209A order directed that another extension hearing was scheduled for November 4, 2021, at 10 A.M. in the main courtroom in Orleans District Court.  On November 19, 2019, that 209A order was served personally on the defendant

_____

any issues arising from that motion, we deem any such appeal
waived and decline to address it further.

2

by a deputy sheriff in Leavenworth County. The defendant did not appeal the issuance of the 209A order.

On November 4, 2021, the defendant did not appear at the extension hearing, and a permanent 209A order was issued against the defendant on that date. The defendant did not submit an affidavit or other correspondence demonstrating that he was incarcerated or otherwise offer a reason for his failure to appear. Police attempted to serve the permanent 209A order on the defendant, but at first were unsuccessful because he had left Federal custody and the facility did not have a current address for him.

On March 22, 2023, an employee of the sheriff's office in Sacramento County, California personally served the permanent 209A order on the defendant. On March 23, 2023, the defendant filed in the Orleans District Court three letters dated March 20, requesting that the court: vacate the 209A order because its issuance violated his due process rights; provide him with certain documents related to the 209A order; and schedule a telephone conference on those issues. A judge denied the motion for reconsideration on March 28, 2023. In March and April 2023, the clerk's office sent the defendant by e-mail copies of the documents he sought.

Discussion. The denial of a motion for reconsideration is reviewed for an abuse of discretion. See Piedra v. Mercy Hosp.,

Inc., 39 Mass. App. Ct. 184, 188 (1995). The defendant alleges that the issuance of the restraining orders violated his due process rights because he was not present for the hearings. It is true that a valid 209A order "must provide the defendant with reasonable notice and an opportunity to be heard." Caplan v. Donovan, 450 Mass. 463, 470, cert. denied, 553 U.S. 1018 (2008). However, contrary to the defendant's argument, the court papers and the docket indicate that the defendant was served in hand with a copy of the 209A order in November 2019. That 209A order put the defendant on notice that a hearing would be held on November 4, 2021, at which "an extended order may be issued against him if he did not appear at the hearing." Commonwealth v. Delaney, 425 Mass. 587, 591-592 (1997), cert. denied, 522 U.S. 1058 (1998). The defendant never appealed the issuance of the 209A order of which he received notice in November 2019, or sought to reschedule the November 4, 2021 hearing of which he had notice.

The defendant's letters dated March 20, 2023, to the District Court do not allege that he was unaware of the hearing that took place on November 4, 2021, or that he requested to attend the hearing. Cf. M.M. v. Doucette, 92 Mass. App. Ct. 32, 39 (2017) (defendant filed a motion asking to be heard). He failed to appear at that 2021 extension hearing.

4

Lastly, the defendant argues that the 209A order should never have issued because it was based on false and misleading statements by the plaintiff. The judge who issued the 209A order in August 2019 credited the plaintiff's affidavit describing the defendant's prolonged sexual abuse of her when she was a child. The defendant never sought to appeal from the issuance of that order. The three other judges who extended the 209A order in September and November 2019 and made it permanent in November 2021 did so based on a "continued need for . . . [the] order to protect the plaintiff from the impact of the violence already inflicted." Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014). See also Yasmin Y. v. Queshon Q., 101 Mass. App. Ct. 252, 257 (2022) (extension of harassment prevention order based on prior sex offense reviewed to determine whether order will "protect the plaintiff from the impact of the violence already inflicted" [quotation omitted]). The judge was not required to accept the defendant's assertions as true. See Commonwealth v. Leng, 463 Mass. 779, 787 (2012). Because "[t]here is no error in the denial of a motion that merely seeks, as this one did, a 'second bite at the apple,'" Liberty Sq. Dev. Trust v. Worcester, 441 Mass. 605, 611 (2004),

we see no error in the denial of the defendant's motion for reconsideration on that basis.[2]

The judge did not abuse his discretion in refusing to reconsider the issuance of the permanent restraining order or in declining to have a telephone conference with the defendant. To the extent we have not specifically addressed the defendant's remaining arguments, they have not been overlooked; we "find

---

[2] Any challenge to the judge's decision not to hold a hearing on the reconsideration motion is also meritless. "A judge's conclusion that a motion for new trial and the accompanying affidavits do not raise a substantial issue such that a hearing is required is entitled to substantial deference." Commonwealth v. Bogannam, 50 Mass. App. Ct. 913, 915 (2001).

6

nothing in them that requires discussion."  Commonwealth v.

Domanski, 332 Mass. 66, 78 (1954).

> Order entered March 28, 2023, denying motion to vacate or reconsider permanent 209A order affirmed.

> Order entered March 28, 2023, denying motion for telephone conference affirmed.

> By the Court (Henry, Grant & D'Angelo, JJ.[3]),

> Paul Little

> Clerk

Entered:  August 6, 2024.

---

[3] The panelists are listed in order of seniority.